UNITED STATES DISTRICT
COURT EASTERN DISTRICT
OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| JOHN DOE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | 2:25-CV-170 |
| v. | ) | |
| | ) | |
| PROVIDENCE ACADEMY, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**ORDER**

Before the Court is Plaintiffs' Motion for Leave to Proceed Under Pseudonyms and to File Supporting Unredacted Declarations Under Seal ("Motion") [Doc. 2]. On October 13, 2025, Plaintiffs filed a Complaint against Providence Academy, Inc. ("Providence"), and Benjamin Hall, the Headmaster of Providence. [Doc. 1].[1] The Complaint asserts claims against Defendants including violation of Title IX, negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress, following an alleged sexual assault of a minor student by his classmates and subsequent expulsion of the minor from Providence. [Doc. 1]. Plaintiffs have now filed this Motion, accompanying Memorandum of Law in Support [Doc. 3], and redacted versions of the Declarations of John and Mary Doe [Doc. 2-1] alongside proposed, sealed, unredacted versions of the declarations. [Doc. 4]. Plaintiffs' assert that they should be permitted to proceed by pseudonym due to the sensitive nature of the allegations, as well as the likelihood

---

[1] Plaintiffs are bringing this case on behalf of themselves and the minor child. [Doc. 1].

that discovery will involve sensitive testimony and the production of records containing sensitive details. [Doc. 3, p. 1].

Although Federal Rule of Civil Procedure 10(a) requires that, "[a]s a general matter, a complaint must state the names of all parties," the United States Court of Appeals for the Sixth Circuit has held that courts "may excuse plaintiffs from identifying themselves" where "a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560-61 (6th Cir. 2004). A court may grant permission to proceed under a pseudonym if the following factors favor the Plaintiff:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Id*.

Plaintiffs argue that consideration of the second and fourth factors alone satisfies their burden. Specifically, Plaintiff asserts that this lawsuit is brought, in part, on behalf of the minor child. Additionally, Plaintiffs argue that the nucleus of facts from which this lawsuit arises, and the nature of the claims alleged constitute the "the most sensitive information that one could plead in a lawsuit." [Doc. 3, p. 3]. Plaintiffs also assert that the minor child has already been subject to taunting because of the assault, and publicizing additional details would likely result in additional taunting. *Id*.

As to the first factor, while none of Plaintiffs' claims or allegations directly implicate governmental actors, Plaintiffs have included a footnote acknowledging that their Title IX claim and the facts alleged pursuant to it reference state actors, such as the TSSAA. [Doc. 3, p. 2]. This factor does not provide strong support either for or against Plaintiffs' request. Similarly, the third

*Porter* factor does not significantly favor granting Plaintiffs permission to proceed under pseudonym, because the litigation is unlikely to "compel plaintiffs to disclose an intention to violate the law." *Porter*, 370 F.3d at 560. However, in considering the second and fourth *Porter* factors, the Court finds this type of case to be exactly the type contemplated under these factors for permitting a party to proceed by pseudonym. Here, the sensitive nature of the allegations, combined with the involvement of a minor plaintiff weigh heavily in favor of Plaintiffs' request.[2] Where a case is brought on behalf of young children, heightened protection is appropriate. *Porter*, 370 F.3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir.1981)). Additionally, pseudonyms are appropriate to protect the privacy of the alleged victim where claims of sexual assault are at issue. *See Doe v. Penske Truck Leasing, Co. LP*, 1:18-cv-00203-HSM-SKL, 2019 WL 13299259 at *2 (E.D. Tenn. February 8, 2009) (providing a brief overview of cases involving sexual assault where plaintiffs sought to proceed anonymously).

Accordingly, the Court finds that Plaintiffs should be permitted to proceed under a pseudonym. As such, Plaintiff's Motion for Protective Order [Doc. 2] is **GRANTED**. Additionally, the Clerk is **DIRECTED** to file Plaintiffs' proposed sealed document [Doc. 4] under seal.

    **SO ORDERED:**

                                              /s/Cynthia Richardson Wyrick
                                              United States Magistrate Judge

---

[2] The Court notes that Defendants have not yet been served in this matter, and as a result have not had an opportunity to respond to Plaintiffs' motion. After Defendants have been served, if they take a position in opposition to the arguments made by Plaintiffs on this issue, then they may file a motion to reconsider.