**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION**

| | |
|---|---|
| **JOHN AND MARY DOE,** ) | |
| **for themselves and their minor child,** ) | |
| **JAMES DOE,** ) | |
| ) | **No.: 2:25-cv-00170-DCLC-CRW** |
| **v.** ) | |
| ) | **JURY DEMANDED** |
| **PROVIDENCE ACADEMY, INC., and** ) | |
| **BENJAMIN HOLLAND,** ) | |
| ) | |
| **Defendant.** ) | |

---

## ANSWER

---

Defendants Providence Academy, Inc. ("Providence") and Benjamin Holland ("Mr. Holland") (collectively "Defendants") hereby respond to the Complaint filed by the Plaintiffs identified as John and Mary Doe, for themselves and their minor child, James Doe ("James Doe" or the "Minor Plaintiff") ("collectively "Plaintiffs") as follows:

As an initial matter, Defendants object to the repetitive nature of the complaint, which contains over two hundred paragraphs and three different series of factual sections (titled "Overview," "Factual Summary," and "Detailed Factual Allegations") that are repetitive and contradictory. This is a far cry from the requirement that a complaint contain "a short and plain statement of the claim" contained in Federal Rule of Civil Procedure 8. The Complaint also contains allegations regarding a non-party entity. *See, e.g.*, Complaint ¶¶ 6, 52, 98, 194. Many of the paragraphs contain impermissible argument. *See, e.g.*, Complaint ¶¶ 21, 48, 66, 69, 74, 99-100, 102, 104, 110. Furthermore, many of the paragraphs contain lengthy narratives about multiple events, rather than a set of paragraphs "limited as far as practicable to a single set of

1

circumstances." Fed. R. Civ. P. 10(b). Providence submits that Plaintiffs' Complaint is subject to being stricken pursuant to Federal Rule of Civil Procedure 12(f), particularly for its redundant nature, or in the alternative, Plaintiffs should be required to amend their Complaint to comply with Federal Rules of Civil Procedure 8 and 10. Nevertheless, Defendants have attempted to Answer the Complaint in good faith as follows:

1. The first sentence contained in Paragraph 1 contains a summary statement without any factual allegations, and therefore no response is required. The factual allegations contained in the second sentence of Paragraph 1 are denied. With respect to the third sentence contained in Paragraph 1, it is admitted only that the principal assailant of the Minor Plaintiff was expelled from Defendant's school, and the other three boys involved were suspended.

2. Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 2, but it is generally denied that Defendants violated any duty towards Plaintiffs or acted contrary to their legal obligations and the rules of Providence Academy.

3. It is denied that Defendants violated any duty towards Plaintiffs or acted contrary to their legal obligations and the rules of Providence Academy, and it is particularly denied that Benjamin Holland or any other staff member of Providence ridiculed the Minor Plaintiff.

4. The first and second sentences contained in Paragraph 4 are admitted upon information and belief. With respect to the factual allegations contained in the third sentence in Paragraph 4, it is admitted only that the Minor Plaintiff attended Providence for a period of time until the eighth grade, when he was suspended and then expelled because he shared a video depicting and/or threatening gun violence.

5. Admitted.

6. The allegations contained in the first sentence contained in Paragraph 6 are admitted. The allegations contained in the remainder of Paragraph 6 appear to be directed at an entity not a party to this action, and Defendants move to strike them from the Complaint.

The allegations contained in the unnumbered paragraph following Paragraph 6 are admitted.

7. Defendants deny that subject matter jurisdiction lies with this Court, as the only federal claim asserted in the Complaint arises under Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681 *et seq.* ("Title IX"), and Providence is a private Christian school that is not subject to the provisions of Title IX.[1] Defendants request that the Court decline to exercise supplemental jurisdiction over Plaintiffs' Tennessee state law claims.

8. Personal jurisdiction is not disputed.

9. Venue is not disputed.

10. Paragraph 10 contains a legal conclusion to which no response is required.

11. The allegations contained in Paragraph 11 are admitted upon information and belief, but Defendants have no first-hand knowledge of the private gathering to watch the Super Bowl ("Super Bowl party"), as it was not a school event, it did not take place on campus, and no employee of Providence was present.

12. The allegations contained in Paragraph 12 are admitted upon information and belief, but Defendants have no first-hand knowledge of this event, as it was not a school event, it did not take place on campus, and no employee of Providence was present.

---

1 As of the date of this filing, this Title IX issue is currently before the Eastern District of Tennessee in a case brought against Providence Academy by the parents of the student who was expelled for assaulting the Minor Plaintiff. *Lance Torbett and Christiana Torbett as biological parents and next friends of minor Plaintiff L.T. v. Providence Academy*, Case No. 2:25-cv-00033, Docket Entry No. 48.

3

13.     Defendants have no first-hand knowledge of this event, as it was not a school event, it did not take place on campus, and no employee of Providence was present. Based on the information available to Defendants, it is admitted only that while at the Super Bowl party, the minor L.T. told three other minors present at the party to grab or hold the Minor Plaintiff, and that the minor L.T. then digitally penetrated or attempted to digitally penetrate the Minor Plaintiff's anus.

14.     With respect to the allegations contained in Paragraph 14, any statement by the minor L.T. regarding the assault that could have taken place in a classroom at Providence would have necessarily occurred some days later, as the Super Bowl party was not a school event, did not take place on Providence campus, and no Providence employees were present. To the extent that it is alleged that the minor L.T. later asked the Minor Plaintiff whether he was "still bleeding, or what?" in the presence of Providence Latin teacher Grayson Bledsoe, such allegation is denied, as Grayson Bledsoe does not remember any such statement being made, and it is further denied that he would have known the significance of such a comment if he had because no employees of Providence were present at the Super Bowl party or knew of the assault until the Minor Plaintiff reported it another teacher on February 15, 2024.

15.     It is admitted only that on February 15, 2024, the Minor Plaintiff approached one of his teachers, Ms. Bosse, at Providence and reported the assault that had taken place on February 11 at the Super Bowl party. Ms. Bosse notified Providence administration, and Defendants called the adult plaintiffs John and Mary Doe to the school. With his mother present, the Minor Plaintiff told Defendants what had happened in his own words. This was part of the investigation that Plaintiffs deny took place. The remaining allegations contained in Paragraph 15 are denied.

4

16.     With respect to the first sentence contained in Paragraph 16, it is admitted only that Mr. Holland invited the Minor Plaintiff to tell them what happened in his own words, and that the conversation took place in Mr. Holland's office, outside of the hearing of other students, with the Minor Plaintiff's parents present, and with two other Providence staff members (Shona Hoover and Michael Burns) present to take notes. With respect to the second sentence contained in Paragraph 16, Defendants cannot admit or deny what Plaintiffs saw, but to the extent that it is alleged that Providence staff members were not taking notes of what the Minor Plaintiff reported, the same are denied. With respect to the third and fourth sentences contained in Paragraph 16, it is admitted only that Shona Hoover was present, and that she had provided behavior and other resources to Plaintiffs in the past, but Defendants lack sufficient information or knowledge to admit the remaining allegations in those sentences. With respect to the fifth and sixth sentences contained in Paragraph 16, it is admitted that Benjamin Holland and Shona Hoover are still employed at Providence, and that Michael Burns left Providence to become a headmaster at a different school. The final sentence contained in Paragraph 16 is admitted.

17.     It is denied that the email referenced in Paragraph 17 was the next communication Providence had with Plaintiffs; because it was sent after the phone call referenced in Paragraph 18. It is admitted only that after the assaulting minor, L.T., alleged that the Minor Plaintiff had digitally penetrated or attempted to digitally penetrate the minor L.T.'s anus before the minor L.T. had assaulted the Minor Plaintiff, Providence received and reported the incident to the Department of Children's Services ("DCS") and law enforcement, and provisionally suspended all students involved (including the minor L.T., the three other minors involved, and the Minor Plaintiff) until an investigation could be completed.

5

18.     It is admitted only that after the Minor Plaintiff reported the assault to Providence, the next time either of the Defendants communicated with Plaintiffs was later that day on February 15, 2024,  after the minor L.T. had been interviewed, and after the minor L.T. alleged that the Minor Plaintiff had digitally penetrated the minor L.T.'s anus (using his term "corn-dogging") or attempted to do so first, before the minor L.T. had assaulted the Minor Plaintiff. Mr. Holland called the Plaintiffs, and asked if he could speak to the Minor Plaintiff, and asked the Minor Plaintiff if that allegation was true. The Minor Plaintiff denied it, and Mr. Holland thanked the Minor Plaintiff and ended the call. All factual allegations contained in Paragraph 18 to the contrary are denied, and the final sentence contained in Paragraph 18 are particularly denied.

19.     It is admitted only that on February 15, 2024, a parent of a Providence student sent an email to Mr. Holland and alerted him to a video shared by the Minor Plaintiff with another Providence student that used clips from the television show *Peaky Blinders* depicting a character pointing a handgun at the camera and at another character on the ground, and contained a voice-over and text caption that made statements such as "this person notices everything, they remain silent because they know that if they get angry it will hurt" and "the day it explodes it's a real storm." Providence disclosed this video to the Johnson City Police Department, and Sergeant Shane Williams interviewed the Minor Plaintiff as well as the student that received the video. Sgt. Williams confirmed to Defendants that the Minor Plaintiff has sent the video, and asked whether Defendants wanted to press charges. Defendants declined to do so, but determined that expulsion was appropriate under the terms of the Providence Academy Student/Parent Handbook.

20.     The first sentence contained in Paragraph 20 contains a legal conclusion to which no response is required. With respect to the second sentence contained in Paragraph 20, it is

6

admitted only that three of the minors involved in the assault at the Super Bowl party were suspended, and one was expelled from Providence.

21.     The first sentence contained in Paragraph 21 contains impermissible argument, but to the extent that the first sentence contained in Paragraph 21 contains any factual allegations, the same are denied. With respect to the second sentence contained in Paragraph 21, it is admitted only that Providence provided notice to certain individuals, teachers, and security guards of a potential threat.

22.     Paragraph 22 contains a legal conclusion to which no response is required.

23.     Paragraph 23 contains a legal conclusion to which no response is required. To the extent that Paragraph 23 contains any factual allegations, the same are denied.

24.     Paragraph 24 contains a legal conclusion to which no response is required. To the extent that Paragraph 24 contains any factual allegations, the same are denied.

25.     It is admitted only that Providence expelled the Minor Plaintiff for the video he sent another student depicting gun violence and/or threats of violence, and that the expulsion was not based on any information gathered during the investigation of the assault at the Super Bowl party. Any allegation to the contrary is denied.

26.     It is admitted only that one student involved in the assault at the Super Bowl party was expelled, and three others were suspended but eventually permitted to return to school. Any allegation to the contrary is denied.

27.     Admitted.

28.     It is admitted only that one student involved in the assault at the Super Bowl party was expelled, and three others were suspended but eventually permitted to return to school. Any

7

allegation to the contrary is denied. Defendants lack sufficient information or knowledge to admit or deny the final sentence contained in Paragraph 28, which is not directed at these Defendants.

29. It is admitted only that at the time of their attendance at the private Super Bowl party, the Minor Plaintiff, the minor L.T., and three other minors involved in the assault were enrolled at Providence Academy, but it is denied that the Super Bowl party was a school function or that it took place on school property. Defendants are unable to admit to the attendance of any other persons at the Super Bowl party because no employees of Providence attended the private party and Defendants do not know who was present.

30. Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 30, as the Super Bowl party was not a school event and no employees of Providence were present.

31. Defendants lack sufficient information or knowledge to admit or deny what the adult Plaintiffs believed regarding a private party that was not a school event and did not take place on school grounds.

32. Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 32.

33. Defendants lack sufficient information or knowledge to admit or deny the particular allegations contained in Paragraph 33.

34. Defendants lack sufficient information or knowledge to admit or deny the particular allegations contained in Paragraph 34.

35. Paragraph describes the same events referenced in Paragraphs 13 and 36 in contradictory terms, and Defendants lack sufficient information or knowledge to admit or deny the particular allegations contained in Paragraph 35.

8

36.     Defendants lack sufficient information or knowledge to admit or deny the particular allegations contained in Paragraph 36.

37.     Defendants lack sufficient information or knowledge to admit or deny the particular allegations contained in Paragraph 37.

38.     Defendants lack sufficient information or knowledge to admit or deny the particular contained in Paragraph 38.

39.     Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 39.

40.     Defendants lack sufficient information or knowledge to admit or deny the particular allegations contained in Paragraph 40.

41.     With respect to the allegations contained in Paragraph 41, any statement by the minor L.T. regarding the assault that could have taken place in a classroom at Providence would have necessarily occurred some days later, as the Super Bowl party was not a school event, did not take place on Providence campus, and no Providence employees were present. To the extent that it is alleged that the minor L.T. later asked the Minor Plaintiff "Hey, [James Doe] you bleeding or what?" in the presence of Providence Latin teacher Grayson Bledsoe, such allegation is denied, as Grayson Bledsoe does not remember any such statement being made, and it is further denied that he would have known the significance of such a comment if he had, because no employees of Providence were present at the Super Bowl party or knew of the assault until the Minor Plaintiff reported it another teacher on February 15, 2024.

42.     It is admitted only that four minors involved in the assault on the Minor Plaintiff were prosecuted after Defendants reported the assault to the DCS and law enforcement, and that the minor L.T. pleaded guilty to a lesser offense while charges were dropped against the other

9

three minors. It is further admitted that Providence determined to expel the minor L.T., though the minor L.T.'s parents withdrew him from the school as the expulsion was being communicated to them. The remaining allegations contained in Paragraph 42 are denied.

43.    With respect to the first sentence contained in Paragraph 43, it is admitted only that Providence determined to expel the minor L.T., though the minor L.T.'s parents withdrew him from the school as the expulsion was being communicated to them. With respect to the second sentence contained in Paragraph 43, it is denied that the minor L.T. was permitted to attend Providence events, or that the social events referenced in Paragraph 43 were school events over which Providence had any control. Defendants lack sufficient information or knowledge to admit or deny the allegations contained in the third sentence contained in Paragraph 43. With respect to the final sentence contained in Paragraph 43, it is admitted only that neither the minor L.T. nor the Minor Plaintiff are allowed to return to Providence grounds or events.

44.    Denied.

45.    Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 45, but to the extent that Paragraph 45 alleges the potential for reprisal against the Minor Plaintiff on the part of either of the Defendants, the same are denied.

46.    It is admitted only that the Minor Plaintiff reported the assault to a Providence teacher on February 15, 2024, and any allegations to the contrary are denied.

47.    The first two sentences contained in Paragraph 47 are admitted. The third sentence contained in Paragraph 48 are denied.

48.    The first sentence contained in Paragraph 48 is admitted. The second sentence contained in Paragraph 48 is impermissible argument, but to the extent that it makes any factual allegations, the same are denied. With respect to the lengthy and multi-part third sentence

10

contained in Paragraph 48, it is admitted only that the following events occurred on February 15, 2024: the Minor Plaintiff reported the assault to his teacher; Providence began its investigation and reported the assault to the DCS; Providence received the allegation from the minor L.T. and Defendant Holland briefly interviewed the Minor Plaintiff by phone on which he denied that allegation; the Minor Plaintiff sent the video depicting gun violence to another Providence student; the mother of the other Providence student notified Defendant Holland via email of the video sent by the Minor Plaintiff; and all students involved were suspended pending investigation. With respect to February 21, 2024, it is admitted only that Providence determined to expel the minor L.T. for committing the assault on the Minor Plaintiff, and also determined to expel the Minor Plaintiff for sending the video, while declining to press criminal charges. Any allegations contained in Paragraph 48 contrary to the above admissions are denied.

49.     The first sentence contained in Paragraph 49 is admitted. The second sentence contained in Paragraph 49 is admitted, because the Minor Plaintiff had not yet sent the gun video. The third sentence contained in Paragraph 49 is admitted. With respect to the remaining allegations contained in Paragraph 49, it is admitted only that Defendnats allowed the Minor Plaintiff to recount what happened in his own words with his parents present.

50.     The first and second sentences contained in Paragraph 50 are admitted. With respect to the remaining allegations contained in Paragraph 50, it is admitted only that Mr. Holland expressed sorrow but not responsibility for the assault that had occurred at the Super Bowl party.

51.     Denied, Shona Hoover was Director of Operations at Providence Academy before February 15, 2024.

52.     Paragraph 52 contains allegations directed at a non-party, and such allegations should be stricken from the Complaint

11

53. Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 53, but it is denied that Providence or its employees were "bad actors" or knowingly caused Plaintiffs harm.

54. Admitted upon information and belief.

55. The first sentence contained in Paragraph 55 is admitted. Defendants lack sufficient information or knowledge to admit or deny the allegations in the second sentence contained in Paragraph 55. The third sentence contained in Paragraph 55 is admitted. With respect to the fourth sentence contained in Paragraph 55, it is admitted only that Mr. Holland contacted Plaintiff John Doe by phone and told him he needed to speak with the Minor Plaintiff. The fifth sentence contained in Paragraph 55 is admitted upon information and belief. The sixth and seventh sentences contained in Paragraph 55 are admitted.

56. Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 56.

57. With respect to the first sentence contained in Paragraph 57, it is admitted only that Mr. Holland explained to the Minor Plaintiff what the minor L.T. had alleged, and asked him something to the effect of the quotation contained in that first sentence. The Minor Plaintiff said "No," and Mr. Holland thanked him and concluded the conversation. The second sentence contained in Paragraph 57 is denied, and strict proof thereof is demanded.

58. Denied.

59. Paragraph 59 contains a legal conclusion to which no response is required. To the extent that Paragraph 59 contains factual allegations, they conflict with the allegations contained in Paragraph 65, and are denied.

12

60.     Paragraph 60 contains a legal conclusion to which no response is required. To the extent that Paragraph 60 contains factual allegations, they are denied.

61.     Admitted.

62.     Denied.

63.     It is admitted only that Providence immediately suspended all students involved in the assault on the Minor Plaintiff, and that Providence determined to expel the minor L.T.  The second sentence contained in Paragraph 63 is denied, as the minor L.T. is not eligible to return to Providence.

64.     The first sentence contained in Paragraph 64 is denied. The second sentence contained in Paragraph 64 is admitted upon information and belief.

65.     Admitted.

66.     The first sentence contained in Paragraph 66 is denied, and counsel for Providence previously provided a copy of the video to counsel for Plaintiffs. With respect to the second sentence contained in Paragraph 66, it is denied that Defendants received the video through the investigation of the sexual assault on the Minor Plaintiff, and it is admitted only that Johnson City Police Department Sergeant Shane Williams reported to Benjamin Holland that he had viewed the video and confirmed that it was sent from the phone of the Minor Plaintiff. The remaining sentences contained in Paragraph 66 consist of impermissible argument, but to the extent that they contain factual allegations, they are denied.

67.     It is admitted only that Providence expelled the Minor Plaintiff after Johnson City Police Department confirmed that he had sent the gun video to a classmate.

68.     Denied. Providence determined to expel the minor L.T. and Providence suspended the three other students for their involvement in the assault of the Minor Plaintiff.

13

69. Paragraph 69 contains impermissible argument, but to the extent that it contains factual allegations, the same are denied.

70. Admitted.

71. It is admitted only that on February 21, 2024, Providence determined to expel the minor L.T. for his assault on the Minor Plaintiff, and that on that same date Providence expelled the Minor Plaintiff for sending the gun video.

72. Admitted.

73. The first two sentences contained in Paragraph 73 are denied. The final sentence contained in Paragraph 73 contains a legal conclusion to which no response is required, but to the extent that a response is required, such allegations are denied.

74. Paragraph 74 contains impermissible argument to which no response is required, but to the extent that Paragraph 74 contains factual allegations, the same are denied.

75. Paragraph 75 contains a legal conclusion to which no response is required, but to the extent that a response is required, such allegations are denied.

76. Paragraph 76 contains a legal conclusion to which no response is required, but it is specifically denied that Providence was subject to the Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681 *et seq.* ("Title IX").

77. Paragraph 77 contains a legal conclusion to which no response is required, but it is specifically denied that Providence was subject to Title IX.

78. Paragraph 78 contains a legal conclusion to which no response is required, but it is specifically denied that Providence was subject to Title IX.

79. Paragraph 79 contains a legal conclusion to which no response is required.

80. Paragraph 80 contains a legal conclusion to which no response is required.

14

81. Paragraph 81 contains a legal conclusion to which no response is required, but to the extent that the same contains factual allegations, such allegations are denied.

82. Paragraph 82 is an exact duplicate of Paragraph 81, and Defendants incorporate by reference their response to Paragraph 81.

83. Paragraph 83 contains a legal conclusion to which no response is required, but to the extent that the same contains factual allegations, such allegations are denied.

84. Paragraph 84 contains a legal conclusion to which no response is required, but to the extent that the same contains factual allegations, such allegations are denied.

85. Paragraph 85 contains a legal conclusion to which no response is required, but to the extent that the same contains factual allegations, such allegations are denied.

86. Paragraph 86 contains a legal conclusion to which no response is required, but to the extent that the same contains factual allegations, such allegations are denied.

87. Paragraph 87 contains a legal conclusion to which no response is required, but to the extent that the same contains factual allegations, such allegations are denied.

88. Paragraph 88 contains a legal conclusion to which no response is required, but to the extent that the same contains factual allegations, such allegations are denied.

89. Paragraph 89 contains a legal conclusion to which no response is required, but to the extent that the same contains factual allegations, such allegations are denied.

90. It is admitted only that the minor L.T. alleged that the Minor Plaintiff had digitally penetrated the minor L.T.'s anus (using his term "corn-dogging") or attempted to do so first, before the minor L.T. had assaulted the Minor Plaintiff, and that Mr. Holland spoke to the Minor Plaintiff by telephone to ask him if that allegation was true. The Minor Plaintiff denied it, Mr. Holland

thanked him, and the phone call concluded. The final sentence contained in Paragraph 90, including the quotation attributed to Mr. Holland, is denied.

91.     Paragraph 91 contains a legal conclusion to which no response is required, but to the extent that the same contains factual allegations, such allegations are denied.

92.     Paragraph 92 contains a legal conclusion to which no response is required, but to the extent that the same contains factual allegations, such allegations are denied.

93.     It is admitted only that Providence determined to expel the minor L.T., though the minor L.T.'s parents withdrew him from the school as the expulsion was being communicated to them, and that the minor L.T. was prosecuted and later convicted of an assault charge.

94.     It is admitted only that all the students involved in the assault on the Minor Plaintiff were suspended pending investigation by Providence and law enforcement.

95.     It is admitted only that Providence suspended the other three minors involved in the assault.

96.     With respect to the first sentence contained in Paragraph 96, it is admitted only that the minor L.T. is prohibited from returning to Providence grounds or events, and that the three other minors involved in the assault were allowed to return to school after serving suspensions. Defendants lack sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 96.

97.     Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 97.

98.     The allegations contained in Paragraph 98 are directed at an entity not party to this action and should be stricken for failure to comply with Federal Rule of Civil Procedure 8.

16

99.     Paragraph 99 consists entirely of impermissible argument and should be stricken for failure to comply with Federal Rule of Civil Procedure 8. All factual allegations that may be implied by such argument are denied, and strict proof thereof is demanded.

100.    Paragraph 100 consists entirely of impermissible argument and should be stricken. All factual allegations that may be implied by such argument are denied, and strict proof thereof is demanded.

101.    It is admitted only that Providence's student body has grown over time, and that Providence has raised funds to accommodate the growing student body. The remainder of the allegations refer to a video not attached as an exhibit to the Complaint and to which no response is required.

102.    Paragraph 102 consists entirely of impermissible argument and should be stricken for failure to comply with Federal Rule of Civil Procedure 8.

103.    The first sentence contained in Paragraph 103 contains a legal conclusion to which no response is required. With respect to the second sentence contained in Paragraph 103, it is denied that Defendants failed to act in response to the assault, as the minor L.T. was expelled and the other three participants in the private Super Bowl party were suspended. It is admitted that the three students who completed their suspensions were allowed to return to full participation in school. All other factual allegations to the contrary contained in Paragraph 103 are denied.

104.    With respect to the first two sentences contained in Paragraph 104, Defendants lack sufficient information or knowledge to admit or deny what the adult plaintiffs "trusted." The remaining sentences contained in Paragraph 104 consist of legal conclusions and impermissible argument to which no response is required.

17

105. Defendants lack sufficient information or knowledge to admit or deny what the adult plaintiffs "trusted" or what "others are counting on."

106. Paragraph 106 consists entirely of impermissible argument and should be stricken for failure to comply with Federal Rule of Civil Procedure 8.

107. Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 107.

108. Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 108 . To the extent Plaintiffs claim Defendants are responsible for these alleged damages to the Plaintiffs, Defendants deny the same.

109. Defendants lack sufficient information or knowledge to admit or deny the allegations about the Minor Plaintiff's beliefs or emotions contained in Paragraph 109.

110. Paragraph 110 consists entirely of impermissible argument and should be stricken for failure to comply with Federal Rule of Civil Procedure 8.

111. Defendants lack sufficient information or knowledge to admit or deny the severity of what the Minor Plaintiff experienced as a result of the assault at the private Super Bowl party. The remaining allegations contained in Paragraph 111 are denied.

112. Paragraph 112 contains a legal conclusion to which no response is required. Defendants do not assert untimeliness as a defense in this action.

113. Defendants incorporate by reference their responses above as if set forth herein.

114. Paragraph 114 contains a legal conclusion to which no response is required.

115. Denied.

116. It is admitted only that Providence received Paycheck Protection Program ("PPP") loans and forgiveness in 2020, but it is specifically denied that Providence received any form of

18

federal funding for the purposes of Title IX during the 2023-2024 school year and all times relevant to Plaintiff's Complaint.

117. Admitted.

118. The first sentence contained in Paragraph 118 is admitted The second sentence contained in Paragraph 118 references records not attached to the Complaint and contains legal conclusions to which no response is required. The final sentence contained in Paragraph 118 is denied.

119. Paragraph 119 contains legal conclusion to which no response is required, but to the extent that it asserts or implies factual allegations, the same are denied.

120. Paragraph 120 incorporates allegations contained in Paragraph 114-119, and Defendants incorporate by reference their responses to those respective paragraphs. The remainder of Paragraph 120 contains a legal conclusion to which no response is required, but to the extent that it asserts or implies factual allegations, the same are denied.

121. Paragraph 121 contains legal conclusions to which no response is required. It is specifically denied that Providence was subject to Title IX during all times relevant to Plaintiffs' Complaint.

122. Paragraph 122 contains legal conclusions to which no response is required. It is specifically denied that Providence was subject to Title IX during all times relevant to Plaintiffs' Complaint.

123. Paragraph 123 contains legal conclusions to which no response is required. It is specifically denied that Providence was subject to Title IX during all times relevant to Plaintiffs' Complaint.

19

124. Paragraph 124 contains legal conclusions to which no response is required. It is specifically denied that Providence was subject to Title IX during all times relevant to Plaintiffs' Complaint.

125. Paragraph 125, including its lengthy subparts, contains a series of legal conclusions to which no response is required. It is specifically denied that Providence was subject to Title IX during all times relevant to Plaintiff's Complaint.

126. It is admitted only that later on the day that the Minor Plaintiff reported the off-campus assault, the minor L.T. made allegations against the Minor Plaintiff, and that Providence suspended all students involved (including the Minor Plaintiff) pending investigation.

127. It is admitted only that later on the day that the Minor Plaintiff reported the off-campus assault, the minor L.T. made allegations against the Minor Plaintiff, and that Providence suspended all students involved (including the Minor Plaintiff) pending investigation.

128. Admitted.

129. Admitted upon information and belief.

130. Denied.

131. Denied.

132. The first sentence contained in Paragraph 132 contains a legal conclusion to which no response is required. The remaining allegations contained in Paragraph 132 are replete with impermissible argument, but it is admitted only that later on the day that the Minor Plaintiff reported the off-campus assault, the minor L.T. made allegations against the Minor Plaintiff, and that Providence suspended all students involved (including the Minor Plaintiff) pending investigation.

20

133.     Paragraph 133 contains legal conclusions to which no response is required. It is specifically denied that Providence was subject to Title IX during all times relevant to Plaintiffs' Complaint.

134.     Paragraph 134 contains legal conclusions to which no response is required. It is specifically denied that Providence was subject to Title IX during all times relevant to Plaintiffs' Complaint.

135.     Paragraph 135 contains legal conclusions to which no response is required. It is specifically denied that Providence was subject to Title IX during all times relevant to Plaintiffs' Complaint.

136.     Paragraph 136 contains legal conclusions to which no response is required. It is specifically denied that Providence received federal funds during any time period relevant to Plaintiffs' Complaint or was otherwise subject to Title IX during all times relevant to Plaintiffs' Complaint.

137.     Paragraph 137 contains legal conclusions to which no response is required. It is specifically denied that Providence was subject to Title IX during all times relevant to Plaintiffs' Complaint.

138.     Paragraph 138 contains legal conclusions to which no response is required. It is specifically denied that Providence was subject to Title IX during all times relevant to Plaintiffs' Complaint.

139.     Paragraph 139 contains legal conclusions to which no response is required. It is specifically denied that Providence was subject to Title IX during all times relevant to Plaintiffs' Complaint.

140.     Defendants incorporate by reference their responses above as if set forth herein.

21

141.     Defendants lack sufficient information or knowledge to admit or deny the thoughts of non-parties to this action.

142.     Paragraph 142 references a statement not attached to the Complaint and to which no response is required.

143.     Paragraph 143 contains impermissible argument and should be stricken pursuant to Federal Rule of Civil Procedure 8. To the extent that Paragraph 143 contains factual allegations, the same are denied.

144.     It is denied that Providence expelled the Minor Plaintiff for reporting a sexual assault. With respect to the remaining allegations, the 2023-2024 Student/Parent Handbook referenced therein speaks for itself.

145.     The 2023-2024 Student/Parent Handbook referenced in Paragraph 145 speaks for itself.

146.     The 2023-2024 Student/Parent Handbook referenced in Paragraph 146 speaks for itself.

147.     The 2023-2024 Student/Parent Handbook referenced in Paragraph 147 speaks for itself.

148.     The 2023-2024 Student/Parent Handbook referenced in Paragraph 148 speaks for itself.

149.     Paragraph 149 contains a legal conclusion to which no response is required.

150.     Paragraph 150 contains a legal conclusion to which no response is required.

151.     Paragraph 151, including the lengthy subparts, contains a series of legal conclusions to which no response is required.

152.     Paragraph 152 contains impermissible arguments and legal conclusions to which no response is required.

153.     Paragraph 153 contains impermissible arguments and legal conclusions to which no response is required.

154.     Paragraph 154 contains a legal conclusion to which no response is required. To the extent that Paragraphs 154 contains factual allegations against the Defendants, the same are denied.

155.     Defendants incorporate by reference their responses above as if set forth herein.

156.     Paragraph 156 contains a legal conclusion to which no response is required.

157.     Paragraph 157 contains a legal conclusion to which no response is required.

158.     Paragraph 158 contains a legal conclusion to which no response is required. To the extent that Paragraph 158 incorporates by reference the allegations contained in Paragraphs 76-87 of the Complaint, Defendants incorporate its responses to the corresponding paragraphs as if set forth fully herein.

159.     Paragraph 159 contains a legal conclusion to which no response is required. To the extent that Paragraphs 159 contains factual allegations against the Defendants, the same are denied.

160.     Paragraph 160 contains a legal conclusion to which no response is required. To the extent that Paragraphs 160 contains factual allegations against the Defendants, the same are denied.

161.     Paragraph 161 contains a legal conclusion to which no response is required. To the extent that Paragraphs 161 contains factual allegations against the Defendants, the same are denied.

162.     Paragraph 162 contains impermissible argument and legal conclusions to which no response is required. To the extent that Paragraphs 162 contains factual allegations against the Defendants, the same are denied.

23

163. Paragraph 163 contains a legal conclusion to which no response is required. To the extent that Paragraphs 163 contains factual allegations against the Defendants, the same are denied.

164. Defendants incorporate by reference their responses above as if set forth herein.

165. With respect to the first sentence contained in Paragraph 165, its admitted only that Providence reported the off-campus assault to DCS and law enforcement after the Minor Plaintiff reported it to a teacher, that Providence received an allegation by the minor L.T. that the Minor Plaintiff had assaulted the minor L.T., that the Minor Plaintiff was suspended pending investigation, and that the Minor Plaintiff would have returned to school but for his sending of the video depicting gun violence, which was confirmed by Johnson City Police and for which he was expelled. With respect to the Second sentence contained in Paragraph 165, it is admitted only that the Minor Plaintiff was expelled on or about February 21, 2024.

166. Paragraph 166 contains impermissible argument and legal conclusions to which no response is required. To the extent that Paragraphs 166 contains factual allegations against the Defendants, the same are denied.

167. With respect to the first two sentences contained in Paragraph 167, Defendants lack sufficient information or knowledge to admit or deny the emotions of the adult plaintiffs. With respect to the remaining allegations, to the extent any statement regarding the Minor Plaintiff not being in trouble was made by Defendants, such statement was before the minor L.T. made the counter-allegation against the minor Plaintiff and before the Minor Plaintiff sent the video depicting gun violence.

168. With respect to the first sentence contained in Paragraph 168, it is denied that the alleged facts "learned" by Plaintiffs were true, and it is admitted only that all students involved in the assault at the private Super Bowl party were suspended. With respect to the remaining

24

allegations, it is admitted only that the minor L.T. was expelled and the other three students involved in the assault served suspensions before returning to school.

169.     With respect to the first sentence contained in Paragraph 169, it is admitted only that the adult plaintiffs were present with their son, the Minor Plaintiff, when he was allowed to explain what had happened to him in his own words. The remainder of Paragraph 169 consists of impermissible argument and should be stricken for failure to comply with Federal Rule of Civil Procedure 8, but to the extent that any additional facts are alleged in Paragraph 169, the same are denied.

170.     With respect to the first sentence contained in Paragraph 170, Defendant denies that the minor L.T. was permitted to return to school campus or attend school functions, or that the suspended minors were allowed to return while serving their suspensions. With respect to the second sentence contained in Paragraph 170, Defendants lack sufficient information or knowledge to admit these allegations. All other allegations contained in Paragraph 170 are denied.

171.     Paragraph 171 contains impermissible argument and legal conclusions to which no response is required. To the extent that Paragraphs 171 contains factual allegations against the Defendants, the same are denied.

172.     Paragraph 172 contains impermissible argument and legal conclusions to which no response is required. To the extent that Paragraphs 172 contains factual allegations against the Defendants, the same are denied.

173.     Paragraph 173 contains a legal conclusion to which no response is required. To the extent that Paragraphs 173 contains factual allegations against the Defendants, the same are denied.

174.     Paragraph 174 contains a legal conclusion to which no response is required. To the extent that Paragraphs 174 contains factual allegations against the Defendants, the same are denied.

175.     Paragraph 175 contains a legal conclusion to which no response is required. To the extent that Paragraphs 175 contains factual allegations against the Defendants, the same are denied.

176.     Paragraph 176 contains a legal conclusion to which no response is required. To the extent that Paragraphs 176 contains factual allegations against the Defendants, the same are denied.

177.     Paragraph 177 contains a legal conclusion to which no response is required. To the extent that Paragraphs 177 contains factual allegations against the Defendants, the same are denied.

178.     Defendants incorporate by reference their responses above as if set forth herein.

179.     Paragraph 179 contains a legal conclusion to which no response is required.

180.     Paragraph 180 contains a legal conclusion to which no response is required. To the extent that Paragraph 180 incorporates by reference previous paragraphs in the Complaint and Paragraph 180, Defendants incorporate by reference their corresponding responses to the respective paragraphs of the Complaint.

181.     Paragraph 181 contains impermissible argument and legal conclusions to which no response is required. To the extent that Paragraphs 181 contains factual allegations against the Defendants, the same are denied.

182.     Paragraph 182 contains a legal conclusion to which no response is required. To the extent that Paragraphs 182 contains factual allegations against the Defendants, the same are denied.

183.     Paragraph 183 contains a legal conclusion to which no response is required. To the extent that Paragraphs 183 contains factual allegations against the Defendants, the same are denied.

184.     Defendants incorporate by reference their responses above as if set forth herein.

185.     Paragraph 185 contains impermissible argument and legal conclusions to which no response is required. To the extent that Paragraphs 185 contains factual allegations against the Defendants, the same are denied.

26

186. Paragraph 186 contains impermissible argument and legal conclusions to which no response is required. To the extent that Paragraphs 186 contains factual allegations against the Defendants, the same are denied.

187. Paragraph 187 contains a legal conclusion to which no response is required. To the extent that Paragraphs 187 contains factual allegations against the Defendants, the same are denied.

188. Paragraph 188 contains a legal conclusion to which no response is required. To the extent that Paragraphs 188 contains factual allegations against the Defendants, the same are denied

189. Paragraph 189 contains a legal conclusion to which no response is required. To the extent that Paragraphs 189 contains factual allegations against the Defendants, the same are denied

190. Paragraph 190 contains a legal conclusion to which no response is required. To the extent that Paragraphs 190 contains factual allegations against the Defendants, the same are denied

191. Defendants incorporate by reference their responses above as if set forth herein.

192. Paragraph 192 contains a legal conclusion to which no response is required.

193. Paragraph 193 contains a legal conclusion to which no response is required. To the extent that Paragraph 193 incorporates by reference previous paragraphs in the Complaint and Paragraph 194, Defendants incorporate by reference their corresponding responses to the respective paragraphs of the Complaint.

194. Paragraph 194 is directed at an entity that is not a party to this action and no response is required.

195. The website referenced in Paragraph 195 speaks for itself.

196. Paragraph 196 contains a legal conclusion to which no response is required.

27

197.   Paragraph 197 contains impermissible argument and legal conclusions to which no response is required. To the extent that Paragraphs 197 contains factual allegations against the Defendants, the same are denied.

198.   Paragraph 198 contains impermissible argument and legal conclusions to which no response is required. To the extent that Paragraphs 198 contains factual allegations against the Defendants, the same are denied.

199.   Paragraph 199 contains a legal conclusion to which no response is required. To the extent that Paragraphs 199 contains factual allegations against the Defendants, the same are denied.

200.   Paragraph 200 contains a legal conclusion to which no response is required. To the extent that Paragraphs 200 contains factual allegations against the Defendants, the same are denied

201.   Paragraph 201 contains a legal conclusion to which no response is required.

202.   With respect to the prayer for relief found in Section VI of the Complaint, Defendants deny that Plaintiffs are entitled to such relief.

203.   Plaintiffs' Complaint is repetitive, argumentative, duplicative, and internally conflicting. Defendants have made a good-faith effort to respond to the factual allegations contained in the Complaint, but to the extent that any factual allegations were not specifically admitted or denied above, the same are denied, and strict proof thereof is demanded.

## AFFIRMATIVE DEFENSES

204.   Providence does not receive federal funds and is not subject to the provisions and requirements Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681, and therefore, this Court lacks subject matter jurisdiction over Plaintiffs' claims.

205.   Plaintiffs' Complaint fails to state a claim upon which relief can be granted because Providence, a private institution, does not have to afford the Minor Plaintiff due process prior to

28

any disciplinary action or decision as it is not a political subdivision of the state. *See Goss v. Lopez*, 419 U.S. 565 (1975) (applying the Due Process Clause to public schools, which are state actors); Amdt. 14 U.S. Const. ("No State shall make or enforce any law which shall abridge the privileges and immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law.") (emphasis added).

206.    Plaintiffs' Complaint fails to state a claim upon which relief may be granted for outrageous conduct because it fails to allege conduct by this Defendant that is so outrageous that it is not tolerated in civil society or that it caused any of the Plaintiffs mental injuries. *Lyons v. Farmers Ins. Exch.*, 26 S.W.3d 888 (Tenn. Ct. App. 2000).

207.    Defendant asserts all defenses available under the Tennessee Civil Justice Act of 2011, as amended, including, but not limited to the defenses arising under Tenn. Code Ann. §§ 29-39-101(1), (2), 102(a)(b)(e)(g)(j)(m)(n), and 104(a)(b)(e)(f)(g).

208.    This Defendant would note that discovery has not yet begun, and that this Defendant may amend this Answer as additional facts are revealed during discovery.

209.    This Defendant prays that the Court empanel a jury of six persons to try this cause, and to enter a judgment in favor of Defendant against Plaintiffs, including all costs under 28 U.S.C. § 1332(b) and attorneys' fees, along with any further relief to which Defendant may be entitled.

29

Respectfully submitted:

LEWIS THOMASON, P.C.

*/s/ Peter Robison*
Peter C. Robison, BPR #27498
424 Church Street, Suite 2500
P.O. Box 198615
Nashville, TN 37219
Phone: 615-259-1343
probison@lewisthomason.com

*/s/ Mikel A. Towe*
Mikel A. Towe, BPR #32404
900 South Gay Street, Suite 300
P.O. Box 2425
Knoxville, TN 37902
Phone: 865-546-4646
mtowe@lewisthomason.com

*Counsel for Defendants Providence Academy, Inc. and Benjamin Holland*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 3rd day of December, 2025 a copy of the foregoing filing will be sent to all parties via Court's ECF system.

Tricia Herzfeld
Joe P. Leniski, Jr.
Daniel P. Hull
**HERZFELD, SUETHOLZ, GASTEL, LENISKI AND WALL PLLC**
223 Rosa L. Parks Ave., Suite 300
Nashville, Tennessee 37203
Email: tricia@hsglawgroup.com
joey@hsglawgroup.com
daniel@hsglawgroup.com

E. Patrick Hull
**THE HULL LAW FIRM**
201 W. Sullivan Street
Kingsport, Tennessee 37660
Sullivan Street at Shelby Street
Phone: (423) 247-6151
Email: pat@hull-firm.com

*/s/ Peter C. Robison*
Peter C. Robison