IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| JOHN AND MARY DOE, ) <br> for themselves and their minor child, ) <br> JAMES DOE, ) <br> ) <br> v. ) <br> ) <br> PROVIDENCE ACADEMY, INC., and ) <br> BENJAMIN HOLLAND, ) <br> ) <br>     Defendant. ) | No.: 2:25-cv-00170-DCLC-CRW <br><br> JURY DEMANDED |

## RULE 26(f) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f) and the Order of the Court dated December 5, 2025, Plaintiffs John and Mary Doe, for themselves and their minor child, James Doe (collectively "Plaintiffs") and Defendants Providence Academy, Inc. and Benjamin Holland (collectively "Defendants") jointly submit this Rule 26(f) Report:

1. **RULE 26(F) CONFERENCE**

Daniel P. Hull, counsel for the Plaintiffs, and Peter C. Robison, counsel for Defendants, participated in a Rule 26(f) conference on January 2, 2026, via videoconference.

2. **INITIAL DISCOSURES**

The parties will exchange information required by Fed. R. Civ. P. 26(a)(1) on or before January 22, 2026.

3. **ELECTRONIC DISCOVERY**

The parties state the following, pursuant to this Court's Order of December 5, 2026, (Dkt. No. 19):

a. Discovery will be needed on all matters pertaining to the allegations in the Complaint and the issues raised in the Answers. Plaintiff anticipates issuing third-party subpoenas. Liability, causation, injuries and damages are in dispute. After extensive conversation, the parties are unable to determine whether production will be limited to data reasonably available to the parties in the ordinary course of business. Plaintiffs intend to propound written discovery on the issue of document retention, and to incorporate the topic of document storage and retention in a Fed. R. Civ. P. 30(b)(6) notice of deposition. Relatedly, the parties do not intend to enter an ESI protocol immediately, but each reserves the right to request an ESI protocol should the necessity or efficiency of having one become apparent during the litigation.

b. The parties believe the broad scope of Rule 26 should control discovery in this matter. Defendants are likely to have more documents and information to produce in this litigation. Plaintiff cannot speculate about the time, or cost, to Defendants should discoverable documents or information prove unavailable or, in Defendants' estimation, "beyond what is reasonably available … in the ordinary course of business."

c. Disclosure of discovery of electronically stored information should be handled as follows: Parties agree to preserve all electronic communications, including but not limited to electronic mail. Unless otherwise agreed upon, the parties may disclose/produce ESI in a legible hardcopy or static form (e.g. searchable .pdf), thereby allowing documents produced to be indexed and individually marked through "bates" stamping. Consistent with Federal Rule of Civil Procedure 34(b)(2)(E)(iii), the parties need not produce the same electronic discovery in more than one form. Notwithstanding the foregoing, all documents created in Microsoft Excel and/or a similar format for the collection and accumulation of data – whether in Microsoft Excel or any other program – shall be produced in native format. The parties may request the production of

other native files for particular documents where good cause has been demonstrated, or when a static image is not reasonably usable.

  d. Plaintiffs, who are individuals, have taken reasonable steps to preserve potentially discoverable data from alteration or destruction. Defendants have done likewise.

  e. The parties' Rule 26(f) conference did not identify any currently expected discovery issues. Should such issues arise, the parties will attempt in good faith to resolve the same and to seek Court intervention if necessary in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

  f. Discovery requests to Plaintiffs, who are individuals, should be directed to their undersigned counsel. Discovery requests to Defendants should be directed to Benjamin Holland through counsel for Defendants.

  c. The parties anticipate exchanging information that contains the names and identities of minor children, and will propose an agreed protective order hereafter. If privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials. The act of inadvertently producing privileged or protected information shall not be ground for waiver. "Timely notice" shall not include notice given more than thirty (30) calendar days after a party inadvertently produces privileged or protected information.

  **4. WRITTEN AND ORAL DISCOVERY TIMELINE AND LIMITATIONS**

  a. Initial written discovery shall commence on **January 6, 2026**, and it shall conclude on June 30, 2026.

b. The parties are unable to recommend, at this time, a change to the maximum number of interrogatories as permitted by the Rules of Civil Procedure. The parties reserve the right to seek additional interrogatories to conform with the needs of this case.

c. The maximum number of requests for admissions will be 30.

d. The maximum number of depositions noticed by each party will be 20 absent agreement of the parties. Should additional depositions be required, the parties will attempt in good faith to reach agreement. If no agreement can be reached, the parties will seek Court intervention in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

e. Depositions shall last no more than 7 hours absent agreement by the parties. Plaintiffs reserve the right to seek to amend this time limit should the need arise, or should this case be consolidated with *Torbett v. Providence Academy*, No. 2:25-cv-00033-DCLC-crw). Plaintiffs have, at the request of the Court, expressed their view opposing such consolidation. Plaintiffs are prepared to provide additional information to the Court with respect to their position, should the Court require it.

f. Reports from retained experts under Fed. R. Civ. P. 26(a)(2) shall be due as follows:

    i. Plaintiffs' expert report(s) are due on **August 31, 2026**.

    ii. Defendants' expert report(s) are due on **September 30 , 2026**.

    iii. Any rebuttal experts shall be designated on or before **October 14, 2026**.

    iv. Depositions of expert witnesses shall be completed by **December 18, 2026**.

5. **OTHER SCHEDULING MATTERS AND DEADLINES**

a. The parties have declined to consent to the jurisdiction of the magistrate.

b. The parties request that the Court set appropriate deadlines for pretrial conferences once a trial date has been established.

c. The parties request a pretrial conference approximately 14 days before trial.

d. The parties hereby certify that they currently believe this matter will be ready for trial in eighteen (18) months, absent consolidation and not taking into account the joinder of additional parties. The parties have set forth their position on consolidation, at the Court's request, in *Torbett v. Providence Academy, Inc.,* No. 2:25-cv-00033-DCLC-crw). In addition, the parties anticipate the joinder of third parties to this lawsuit. The parties are unable to certify that this matter will be ready for trial within eighteen (18) months if this matter is consolidated and/or following the addition of third parties.

e. The parties expect this trial to last five (5) days, absent consolidation or joinder of additional parties. Again, absent consolidation or joinder of additional parties, the parties request a trial date on or about **June 1, 2027**, or such date in that time period as the Court's trial calendar allows.

f. The deadline for parties to file non-dispositive motions is thirty days before trial – which would be May 1, 2027, assuming a June 1, 2027, trial date.

g. The deadline for Plaintiffs to amend their pleadings, except with respect to the addition of parties, is April 1, 2026;

h. The deadline for Plaintiffs to join additional parties to the action is May 8, 2026;

i. The dispositive motions and *Daubert* challenge deadline is one hundred twenty (120) days before trial – which would be **February 1, 2027**. Responses and replies

will be governed by the Federal Rules of Civil Procedure and this Court's Local Rules.

j. Pre-Trial disclosures – including exhibit lists and witnesses whose testimony a party intends to present by deposition – and objections to pre-trial disclosures shall be governed by Rule 26(a)(3) of the Federal Rules of Civil Procedure.

k. The parties agree that they anticipate seeking relief from these deadlines, and the need to enter a new scheduling order, in the event of consolidation or joinder of additional parties.

## 6. PROSPECTS FOR SETTLEMENT

**Plaintiffs** are not opposed to mediation, but they believe the parties current positions are too far apart to make the time and money cost of mediation worth the parties' effort. Should this change during the pendency of this lawsuit, Plaintiffs believe mediation led by a third-party neutral to be the parties' best alternative to finding a mutually agreeable solution.

**Defendants** are likewise not opposed to alternative dispute resolution, having attempted mediation with Plaintiffs pre-suit before mediator Dana Holloway, but such attempts were unsuccessful. Defendants submit that some discovery and a ruling on Defendants' forthcoming Motion for Partial Dismissal as to Title IX claims would assist the parties in coming together for a potential resolution.

## 7. SYNOPSES OF THE CASE

**PLAINTIFFS:**

The minor Plaintiff James Doe was sexually assaulted by Providence Academy students. When he reported the assault to Defendants, they made the situation worse by ignoring their legal obligations under Federal and Tennessee law. The school made no effort to comply with Federal

Title IX, despite being a direct recipient of Federal funds. The school and Defendant Holland failed to comply with their obligations under Federal and Tennessee state law with respect to the investigation of a sexual assault and the treatment of a victim. After the assault, and Defendants' improper investigation, Defendants (1) allowed three of the four students who participated in the violent assault of the minor victim to return to school after only a two week suspension, Complaint ("Compl."), (Dkt. No. 1, ¶¶ 1-3); and (2) expelled the minor victim for what Defendants incorrectly perceived as a *threat* of violence, *id.* After the expulsion, Defendant Holland blamed the minor victim for his own assault, *see, e.g., id.* at ¶¶ 48 & 151. and Defendants spread the false accusation that the minor victim was murderously set on revenge, *see, e.g., id.* at ¶¶ 21 & 125(c).

Defendants' demonstrable failure to adhere to clear and well-established Federal and Tennessee state law with respect to investigation of, and otherwise handling, the sexual assault of a minor resulted in the victim's expulsion from school, Plaintiffs' severe and extreme emotional anguish, the permanent alteration of the minor victim's life, and other damages set forth in the Complaint.

Plaintiffs' Complaint asserts violations of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*, as well as Tennessee state law claims including negligence, negligence *per se* for alleged failure to conduct an investigation suspected child abuse in compliance with Tennessee law, intentional infliction of emotional distress, and negligent infliction of emotional distress. Providence Academy is a direct recipient of Federal funds. Plaintiffs allege that the school is subject to Federal Title IX, and they intend to conduct discovery in furtherance of that allegation.

**DEFENDANTS:**

In the 2023-2024 school year, the minor plaintiff identified as James Doe was in the eighth grade and attended Providence Academy. On Sunday, February 11, 2024, James Doe attended a private party at a private residence to watch Super Bowl LVIII, and several other minor children who were also students at Providence Academy were present. During the party, James Doe was sexually assaulted when three other minors held him down while a minor identified as L.T. digitally penetrated or attempted to penetrate James Doe's anus.

On February 15, 2024, James Doe reported the assault to one of his teachers at Providence Academy. On the evening of that same day, James Doe sent a web link to a classmate to a video that depicted gun violence and/or the threat of gun violence. The students involved the off-campus assault were suspended pending investigation, and James Doe was suspended pending investigation of the video. Defendants reported the assault to the Tennessee Department of Children's Services (DCS) and law enforcement, and the minor L.T. was later convicted for the assault. Providence Academy allowed three of the students to return to school but determined to expel the minor L.T., which is currently the subject of litigation in the Eastern District in Case No. 2:25-cv-00033. Providence Academy also determined to expel plaintiff James Doe for sending the video depicting gun violence.

Defendants assert that the assault of minor James Doe did not take place on school grounds or at a school event, and no employees of Defendants were present on the date of the assault. Defendants assert that they received the report of suspected child abuse as required by Tennessee law and reported the assault to DCS and law enforcement. Defendants assert that the minor L.T. was suspended and later expelled for his actions in the assault, and the other minors involved in were suspended. Defendants further maintain that the expulsion of James Doe was based solely on the gun violence video sent by James Doe to another classmate.

Respectfully submitted:

LEWIS THOMASON, P.C.

*/s/ Peter Robison*
Peter C. Robison, BPR #27498
424 Church Street, Suite 2500
P.O. Box 198615
Nashville, TN 37219
Phone: 615-259-1343
probison@lewisthomason.com

*/s/ Mikel A. Towe*
Mikel A. Towe, BPR #32404
900 South Gay Street, Suite 300
P.O. Box 2425
Knoxville, TN 37902
Phone: 865-546-4646
mtowe@lewisthomason.com

*Counsel for Defendants Providence Academy, Inc. and Benjamin Holland*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 20th day of January, 2026 a copy of the foregoing filing will be sent to all parties via Court's ECF system.

| | |
|---|---|
| Tricia Herzfeld | E. Patrick Hull |
| Joe P. Leniski, Jr. | **THE HULL LAW FIRM** |
| Daniel P. Hull | 201 W. Sullivan Street |
| **HERZFELD, SUETHOLZ, GASTEL,** | Kingsport, Tennessee 37660 |
| **LENISKI AND WALL PLLC** | Sullivan Street at Shelby Street |
| 1920 Adelcia St., Suite 300 | Phone: (423) 247-6151 |
| Nashville, Tennessee 37212 | Email: pat@hull-firm.com |
| Email: tricia@hsglawgroup.com | |
|     joey@hsglawgroup.com | |
|     daniel@hsglawgroup.com | |

                                            */s/ Peter C. Robison*
                                            Peter C. Robison