# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### NORTHEASTERN DIVISION

| | | |
|---|---|---|
| JOHN AND MARY DOE<br>for themselves and their minor child,<br>JAMES DOE, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 2:25-cv-170 |
| v. | ) ) | JURY DEMAND |
| PROVIDENCE ACADEMY, INC., AND<br>BENJAMIN HOLLAND, | ) ) ) | |
| Defendants. | ) ) ) | |

---

**PLAINTIFFS' MOTION AND MEMORANDUM FOR LEAVE TO AMEND THEIR COMPLAINT OR, IN THE ALTERNATIVE, TO SET A DEADLINE TO ADDRESS THE SUBSTANCE OF DEFENDANTS' MOTION TO DISMISS**

---

Plaintiffs filed their Complaint in this action on October 13, 2026. Pursuant to an unopposed motion for extension of time, [Dkt. Nos. 13 & 14], Defendants answered on December 3, 2026, [Dkt. No. 15.]. Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on January 21, 2026. Plaintiffs filed an unopposed motion seeking to set their deadline to respond to Defendants' Rule 12 motion, or file another appropriate pleading, for February 11, 2026. [Dd. No. 26.] The Court granted Plaintiffs' unopposed motion, setting Plaintiffs' deadline for February 11 and stating that, should Plaintiffs need an extension they should file a motion stating the reasons. [Dkt No. 27.] Plaintiffs now timely seek leave to file their First Amended Complaint, attached hereto as **Exhibit A**. Should the Court deny their motion, or otherwise deem it necessary, Plaintiffs

request a deadline to file a more fulsome response to Defendants' motion to dismiss be set for two weeks after entry of the Court's Order.[1]

Rule 15 provides that a party may amend a pleading once as a matter of right "within (A) 21 days of serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of the responsive pleading." FED. R. CIV. P. 15(a)(1)(A)-(B). Under Rule 15, the Court "should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2); *see also, e.g., Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 522 (6th Cir. 1999) (reversing District Court's denial of leave to file second amended complaint). The Sixth Circuit has expressed a strong preference in favor of granting leave to amend. *See, e.g., United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 644 (6th Cir. 2003). In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005).

In this case, all factors weigh in favor of allowing Plaintiffs' amendment. Plaintiffs are seeking the first amendment to their original Complaint, and they seek timely leave because Defendants filed their Rule 12 motion after they filed their Answer. Plaintiffs' proposed amendments are not in bad faith or futile; rather, they directly address the substance of Defendants' motion to dismiss. (*See* **Exhibit A**, ¶¶ 113-124.) Moreover, this case is just underway, and granting Plaintiffs leave to file an Amended Complaint will not prejudice Defendants. In fact, allowing Plaintiffs to amend serves the interest of efficiency and judicial economy. Defendants'

---

[1] In direct response to the Court's Order requiring a reason for any request, Dkt. No. 27, Plaintiffs state they are seeking an extension only in the alternative. If the Court grants Plaintiffs' motion for leave to file their First Amended Complaint, no response will be necessary.

motion is presented as a Rule 12(b)(6) motion to dismiss for failure to state a claim under Title IX. But Defendants did not specifically raise that defense in their Answer; instead, they asserted the defense that this Court lacks jurisdiction over the subject matter of Plaintiffs' Title IX claims. [Dkt No. 15 at ¶ 204.]; *see* FED. R. CIV. P. 12(b)(1). Under Rule 12, Defendants needed to have raised the defense of failure to state a claim under Title IX in their Answer to bring a valid Rule 12(b)(6) motion. FED. R. CIV. P. 12(b). Plaintiffs' ability to file a First Amended Complaint would promote efficiency, and it would likely save the parties from expending valuable resources later.[2] In any event, denying Plaintiffs' motion would prejudice Plaintiffs by denying them the liberal construction historically and routinely afforded parties under Rule 15.

**THEREFORE**, for all the reasons stated herein and upon the record as a whole, Plaintiffs move this Court for leave to file their First Amended Complaint, which is attached hereto as **Exhibit A**.

**PLAINTIFFS' STATEMENT CONFERENCE**
**WITH COUNSEL FOR DEFENDANTS**

Counsel for Plaintiffs has conferred with counsel for Defendants via email. After discussing the issues raised in this motion, Defendants oppose the relief Plaintiffs seek herein.

---

[2] Without effecting a waiver, and reserving all their rights and arguments, Plaintiffs concede that Defendants may have additional avenues to cure the Rule 12(b)(6) oversight. Plaintiffs will not speculate, or enumerate, what those may be. In the interest of transparency, however, Plaintiffs are highlighting an opportunity the motion presents to potentially save the Court and the parties valuable resources.

DATED:  February 11, 2026.

Respectfully submitted,


/s/ Daniel P. Hull
Tricia Herzfeld (BPR No. 26014)
Joe P. Leniski, Jr. (BPR No. 22891)
Daniel P. Hull (BPR No. 24511)
**HERZFELD, SUETHOLZ, GASTEL, LENISKI**
    **AND WALL PLLC**
1920 Adelicia Street, Suite 300
Nashville, Tennessee 37212
Phone: (615) 800-6225
Email: tricia@hsglawgroup.com
        joey@hsglawgroup.com
        daniel@hsglawgroup.com

and

E. Patrick Hull (BPR No. 4437)
**THE HULL LAW FIRM**
201 W. Sullivan Street
Kingsport, Tennessee 37660
Sullivan Street at Shelby Street
Phone: (423) 247-6151
Email:  pat@hull-firm.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 11, 2026, I filed the foregoing document electronically

with Court's electronic case management system, which will send notification of such filing to all

counsel of record, including:

Peter C. Robison
424 Church Street, Suite 2500
P.O. Box 198615
Nashville, TN 37219
probison@lewisthomason.com

Mikel A. Towe, BPR #32404
900 South Gay Street, Suite 300
P.O. Box 2425
Knoxville, TN 37902
Phone: 865-546-4646
mtowe@lewisthomason.com

*Attorneys for Defendants*

/s/ Daniel P. Hull
Daniel P. Hull