IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| JOHN AND MARY DOE, for themselves and their minor child, JAMES DOE, <br><br> v. <br><br> PROVIDENCE ACADEMY, INC., and BENJAMIN HOLLAND, <br><br> Defendant. | No.: 2:25-cv-00170-DCLC-CRW <br><br> JURY DEMANDED |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND THEIR COMPLAINT, OR IN THE ALTERNATIVE, TO SET A DEADLINE TO ADDRESS THE SUBSTANCE OF DEFENDANTS' MOTION TO DISMISS**

Defendants Providence Academy, Inc. ("Providence") and Benjamin Holland ("Mr. Holland") (collectively "Defendants"), by and through counsel, hereby file this Response in Opposition to the "Motion to for Leave to Amend Their Complaint or, in the Alternative, to Set a Deadline to Address the Substance of Defendants' Motion to Dismiss" filed by Plaintiffs identified as John and Mary Doe, for themselves and their minor child, James Doe (the "Minor Plaintiff") ("collectively "Plaintiffs"). As argued more fully below, the requested amendment is a tacit admission by Plaintiffs that their Complaint fails to state a claim upon which relief may be granted under the Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681 *et seq.* ("Title IX"), and yet the proposed amendments still fail to allege facts or circumstances that would allow Plaintiffs' Title IX claims to survive. Consequently, the proposed amendment should not be permitted on grounds of futility.

1

## FACTS AND PROCEDURAL HISTORY

The Court is already familiar with the factual circumstances of this case by way of the pending Motion to Dismiss (Docket Entry No. 24) and the Facts and Procedural History set forth in the Memorandum in Support (Docket Entry No. 25), which is hereby incorporated by reference. Relevant to the pending Motion for Leave to Amend, the original Complaint asserted claims against Providence under Title IX with four different legal theories: (1) that Providence is subject to Title IX because of its previous receipt of federal funds via the Paycheck Protection Program ("PPP"); (2) that Providence is subject to Title IX because of its tax-exempt status; (3) that Providence is subject to Title IX through some unidentified contractual agreement(s) with the Tennessee Secondary School Athletic Association ("TSSAA"), or (4) that Providence ceded control of the school to TSSAA, which is in turn subject to Title IX, therefore rendering Providence subject to Title IX. Plaintiffs' original Complaint also asserted various state law claims, which are not the subject of Plaintiffs' proposed amendments.

Plaintiffs previously obtained clarification that their deadline to respond to Defendants' Motion to Dismiss was February 11, 2026 (see Order entered February 5, 2026, Docket Entry No. 27) but failed to file a Response in opposition. Instead, they filed the present motion on February 11, 2026, seeking leave to file a First Amended Complaint, or in the alternative, for the Court to set another deadline for them to respond because they failed to do so in a timely manner.

The proposed First Amended Complaint has more than 200 paragraphs, and Plaintiffs' Motion does not identify which portions of the proposed First Amended Complaint differ from the original Complaint. Based on the review of Defendants, the material changes are contained in Paragraphs 116 through 124, which read as follows:

116. Providence Academy received at least $546,236.40 in Federal financial assistance through the Paycheck Protection Program (the "PPP"). Defendant's receipt of Federal PPP funds subjects it to Title IX.

117. Providence Academy knew it would be subject to Title IX when it took the PPP money.

118. As part of its obligations under PPP, Providence Academy was required to establish a Title IX coordinator and an internal structure to enable it to comply with Title IX.

119. Providence Academy has never had a Title IX coordinator, and it has never had the internal structure to comply with Title IX.

120. Providence Academy is a new member school of the Tennessee Secondary School Athletic Association (the "TSSAA"). The application process for prospective member schools is extensive, and it requires that prospective member schools address myriad issues (including but not limited to the school's policies and procedures for proper handling of issues covered by Title IX) to the TSSAA's satisfaction.

121. Providence Academy voluntarily agreed to comply with Federal Title IX when it applied for membership in or, alternatively, when it was granted membership in, the Tennessee Secondary Schools Athletic Association (the "TSSAA"). By way of example but not of limitation, the TSSAA monitors and controls Providence Academy's sanctioned sports offerings, for which Federal Title IX is a direct and substantial driver.[12] Defendant's TSSAA application was submitted no later than 2021.[13] Defendant Providence Academy would have been obligated to, and upon information and belief did, address and confirm its Title IX compliance in its application to be a TSSAA member school. Defendant's application documents are not in the possession of the pleader but, rather, are in the possession of the Defendants and others including, but not limited to, the TSSAA. FED. R. CIV. P. 10; *cf.* TENN. R. CIV. P. 10.03(2).

3

> 122. Defendant Providence Academy was, and continues to be, the beneficiary of Federal financial assistance under the provisions of Title IX at all times relevant to this Complaint. As a result, Providence Academy is subject to Title IX. And ongoing subjection to Title IX is Irrespective of the timing of subjection to Title IX is an outcome contemplated by the PPP.
>
> 123. Pleading in the alternative, Defendant Providence Academy ceded control of its operations, including but not limited to control of its athletic department in which the minor Plaintiff James Doe was a participant, to the TSSAA. The TSSAA is a recipient of Federal financial assistance within the meaning of Title IX.[14] 20 U.S.C. § 1681(a). By ceding control of all or part of its operations to the TSSAA, including submitting to the rule and regulations by which its athletic department shall operate, Defendant Providence Academy is subject to Title IX.
>
> 124. Further pleading in the alternative, Providence Academy is organized as a § 501(c)(3) charitable organization, and it is exempt from the payment of federal income tax. Its status as a tax-exempt entity, in conjunction with its receipt of Federal financial assistance, subjects it to Title IX.

Docket Entry No. 28-1, Proposed Amended Complaint, ¶¶ 116-124 (footnotes omitted).

Defendants are constrained to highlight the similarities between Plaintiffs' current request and the tactics of the plaintiffs in the related case of *Torbett v. Providence Academy*, Case No. 2:25-cv-00033. A similar dispositive motion (a Motion for Summary Judgment) on nearly identical Title IX issues has been pending before the Court since October 21, 2025, and the *Torbett* plaintiffs have attempted to avoid responding to that Motion for Summary Judgment by seeking leave to further amend their complaint to assert identical factual allegations to those asserted by Plaintiffs in this action. The Court has considered whether consolidation of the two cases is appropriate, and there has not been agreement amount the plaintiffs in the respective cases, while Defendants have

submitted that dismissal of the claims in both cases is appropriate, rendering any determination of potential consolidation unnecessary.

## RULE 15 AMENDMENT STANDARD

As Plaintiffs correctly point out, Federal Rule of Civil Procedure 15(a)(2) allows that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave <u>when justice so requires</u>." Fed. R. Civ. P. 15(a)(2) (emphasis added). "This analysis requires the Court to consider undue delay in filing, lack of notice to the opposing party, bad faith by the movant, failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and the futility of the amendment." *Downing v. Botezat*, 2024 U.S. Dist. LEXIS 150485, 15-16 (E.D. TN 2024) (citing *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005)). In the case at bar, the principal obstacle to Plaintiffs' proposed amendment is that of futility.

"Amendment to a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005). It is readily apparent from Plaintiffs' request that the present request to amend is motivated by a desire to avoid and/or delay a determination by the court on the pending Motion to Dismiss, but the fatal flaw in the motion is that the attempted amendment by Plaintiffs would be futile in this case as such claims are barred by the applicable statute of limitations. "And a court should grant a motion to dismiss if the party 'fail[s] to state a claim upon which relief can be granted[.]'" *Kircher v. City of Ypsilanti*, 809 Fed. Appx. 284, 297 (6th Cir. 2020) (citing Fed. R. Civ. P. 12(b)(6).

5

## LAW AND ARGUMENT

1. <u>Plaintiffs' proposed amendments present no new factual allegations regarding PPP loans.</u>

Plaintiffs' proposed new claims are scarcely different than those already asserted in the original Complaint, but amount the following: (1) that Providence's receipt of $546,236.40 in PPP funds subject Providence to Title IX; (2) that Providence knew it would be subject to Title IX when it took the PPP funds; (3) that Providence was required to establish a Title IX coordinator and internal structure to comply with Title IX and that it did not do so when it accepted those loans. (Docket Entry No. 28-1, Proposed Amended Complaint, ¶¶ 116-119.)

However, none of these new allegations alter the schedule dictated by act of Congress that ended PPP loans in 2021, roughly 3.5 years before the alleged discrimination complained of by Plaintiffs. It is impossible as a matter of law for Providence to have been a "recipient" of PPP funding at the time of the alleged discrimination, and that is not altered by the alleged lack of a Title IX coordinator during 2020 or 2021, the only years during which any entity could have been a "recipient" of PPP loans.

As for whether Providence "knew it would be subject to Title IX when it took the PPP money," (¶ 117), Providence's summary statement is not supported by any factual allegation. If Providence did imagine such a scenario, it might have been the first, as "[g]iven the nature of the COVID-19 Pandemic and the urgency behind the PPP loans, it is likely that little thought was given as to whether such loans counted as 'receiving federal financial assistance.'" *Gardner v. Sage Ridge Sch.*, 2025 U.S. Dist. LEXIS 114896 at *18 (D. Nev. Jun. 17, 2025). However, it is not material whether Providence knew or did not know that being a current recipient of federal funding would subject Providence to Title IX during the period of the receipt of funds because the receipt of those funds necessarily ended no later than 2021, years before the alleged events that

6

give rise to Plaintiffs' attempted Title IX claims. Unless the receipt of federal funds is contemporaneous to the alleged discrimination, the school is not a "recipient" as that term is defined in Title IX, and therefor Title IX does not apply, notwithstanding Plaintiffs' assertions to the contrary. *See Welch v. United Network for Organ Sharing*, 767 F. Supp. 3d 746, 778 (M.D. Tenn. 2025); *Davis v. Winston Preparatory Sch.*, 2025 U.S. Dist. LEXIS 123630 at *38 (S.D.N.Y. Jun. 30, 2025) (limiting application of Title IX to periods where a school "received qualifying 'Federal financial assistance' — in the form of a PPP loan — at a time contemporaneous with the alleged discriminatory conduct.").

2. <u>Plaintiffs' proposed amendments regarding tax-exempt status fail to allege any new facts upon which relief may be granted.</u>

Plaintiffs' proposed amendments contain a cursory paragraph #124 that repeats Plaintiffs' general allegations that Providence is subject to Title IX because it is "organized as a § 501(c)(3) charitable organization, and it is exempt from the payment of federal income tax." This is not a new allegation, and Providence has briefed this issue in its pending Motion to Dismiss. Even if allowed, this amendment would be futile, and should therefore be denied.

3. <u>Plaintiffs' proposed amendments regarding application to the TSSAA fail to allege new facts upon which relief may be granted.</u>

In addition to repeating their allegations about PPP loans, Plaintiffs seek leave to add new Paragraphs 120-121, which either repeat Plaintiffs' previous allegations or consist of vague, conclusory statements without any factual allegations to support them. As in the original Complaint, Plaintiffs' proposed First Amended Complaint references the "application process for prospective member schools" of the TSSAA and the "myriad issues" addressed in that application

7

process, but it does not identify any particular fact or provision in any TSSAA material that could render Providence subject to Title IX. (¶¶121-122.)

In support of this grasping at legal straws, Plaintiffs seek to add the allegation that "By way of example but not of limitation, the TSSAA monitors and controls Providence Academy's sanction sports offerings, for which Title IX is a direct and substantial driver." (¶121.) However, Plaintiffs still fail to provide any factual allegation of what is supposedly required, monitored, or controlled that invokes Title IX. Providence previously supplied the Court with the entire Constitution and By-laws of TSSAA to which Providence is reportedly subject, and Plaintiffs have not identified any single provision, article, or by-law that references Title IX in any way. Further, Providence produced more than 114 pages of documents related to its relationship with the TSSAA as part of its initial disclosures (PA 000788-901). After being provided an opportunity to review all of these documents, Plaintiffs continue to be unable to point to a single provision in any document showing any agreement from Providence to be bound to Title IX to participate in sports through the TSSAA. None of these rephrased allegations contain any new facts upon which relief may be granted, and they should therefore be rejected as futile.

4. <u>Plaintiffs' proposed amendments regarding alleged ceding of control to the TSSAA fail to allege new facts upon which relief may be granted.</u>

Finally, Plaintiffs make a cursory restatement of their prior allegations of the ceding of some control by Providence to the TSSAA in proposed Paragraph 123. This proposed paragraph offers no new factual allegations upon which relief may be granted, and the proposed amendment should be denied on grounds of futility.

8

## CONCLUSION

Accordingly, for the grounds stated above, Plaintiffs' Motion for Leave to Amend should be denied. Plaintiffs are offering no new factual allegations to support a claim for liability under Title IX, and that claim is ripe for adjudication on Defendant's pending Motion to Dismiss. Plaintiffs' decision to not file any response in opposition to the Motion to Dismiss is curious, particularly in light of their motion to confirm the due date, but in the absence of any opposition, Defendants contend that dismissal is appropriate.

Respectfully submitted:
LEWIS THOMASON, P.C.

*/s/ Peter Robison*
Peter C. Robison, BPR #27498
424 Church Street, Suite 2500
P.O. Box 198615
Nashville, TN 37219
Phone: 615-259-1343
probison@lewisthomason.com

*/s/ Mikel A. Towe*
Mikel A. Towe, BPR #32404
900 South Gay Street, Suite 300
P.O. Box 2425
Knoxville, TN 37902
Phone: 865-546-4646
mtowe@lewisthomason.com

*Counsel for Defendants Providence Academy, Inc. and Benjamin Holland*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 24th day of February, 2026 a copy of the foregoing filing will be sent to all parties via Court's ECF system.

| | |
|---|---|
| Tricia Herzfeld | E. Patrick Hull |
| Joe P. Leniski, Jr. | **THE HULL LAW FIRM** |
| Daniel P. Hull | 201 W. Sullivan Street |
| **HERZFELD, SUETHOLZ, GASTEL,** | Kingsport, Tennessee 37660 |
| **LENISKI AND WALL PLLC** | Sullivan Street at Shelby Street |
| 1920 Adelcia St., Suite 300 | Phone: (423) 247-6151 |
| Nashville, Tennessee 37212 | Email: pat@hull-firm.com |
| Email: tricia@hsglawgroup.com | |
|       joey@hsglawgroup.com | |
|       daniel@hsglawgroup.com | |

                                              */s/ Peter C. Robison*
                                              Peter C. Robison

10

Case 2:25-cv-00170-DCLC-CRW    Document 29    Filed 02/24/26    Page 10 of 10
PageID #: 302