UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| JOHN AND MARY DOE<br>for themselves and their minor child,<br>JAMES DOE, | )<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | Case No. 2:25-cv-170 |
| v. | )<br>) | JURY DEMAND |
| PROVIDENCE ACADEMY, INC., AND<br>BENJAMIN HOLLAND, | )<br>)<br>)<br>) | |
| Defendants. | ) | |

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION FOR LEAVE TO AMEND THEIR COMPLAINT OR, IN THE ALTERNATIVE, TO SET A DEADLINE TO ADDRESS THE SUBSTANCE OF DEFENDANTS' MOTION TO DISMISS**

Clear and longstanding precedent dictates that Plaintiffs be allowed to amend their initial Complaint. This Court should grant Plaintiffs' motion and allow them to file the proposed First Amended Complaint (the "FAC") as a standalone ECF document within three (3) days of the Court's order granting the motion.

The Federal Rules' mandate that "'leave to amend shall be freely given when justice so requires' … is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)) (finding District Court's denial of plaintiff's motion to amend was an abuse of discretion). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id*. Absent undue delay, bad faith on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility, "the leave sought should, as the rules require, be freely given." *Id*.

"[I]t should be emphasized that the case law in this Circuit manifests liberality in allowing amendments to a complaint." *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015); accord *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987) (reversing District Court's denial of plaintiff's first attempt to amend complaint and reiterating the Sixth Circuit's preference that cases be tried on their merits). "[A] proposed amendment may be denied as futile if it could not withstand a Rule 12(b)(6) motion to dismiss." "[A] proposed amendment may be denied as futile if it could not withstand a Rule 12(b)(6) motion to dismiss." *Torbett v. Providence Academy*, 2:25cv-00033, Dkt. No. 70, p. 4 (granting leave to amend).

Here, Plaintiffs' motion to amend represents their first attempt to amend their initial Complaint. Plaintiffs have not moved in bad faith. Allowing Plaintiffs to amend would not cause undue delay, or undue prejudice, to Defendants. And the allegations Plaintiffs seek to add are not futile.

### 1. *Plaintiffs' Tax-Exempt Allegations are Not Futile, and Defendants Provide Incomplete Excerpts from the FAC.*

Defendants do not argue that tax exempt status is irrelevant in this case, or that the Sixth Circuit has held that tax-exempt status is insufficient to confer Title IX liability. *Id*. at 5. The fact is that the issue of whether tax-exempt status confers Title IX liability is an open question in the Sixth Circuit. Plaintiffs' allegations are sufficient.

Notably, Defendants minimize Plaintiffs' tax-exempt allegations as "cursory" and nothing new. (Dkt. No. 29 at p. 7.) But there is something new in Plaintiffs' allegations relating to tax-exempt status, and Defendants omit it from their Response. Defendants tell the Court that Plaintiffs' proposed amendments contain a cursory paragraph #124 that repeats Plaintiffs' general allegations that Providence is subject to Title IX because it is "organized as a § 501(c)(3) charitable organization, and it is exempt from the payment of federal income tax." (Dkt. No. 29 at p. 7.)

Defendants' quote is incomplete, and paragraph 124 of the FAC goes further. The full text is as follows:

> Further pleading in the alternative, Providence Academy is organized as a § 501(c)(3) charitable organization, and it is exempt from the payment of federal income tax. **Its status as a tax-exempt entity, in conjunction with its receipt of Federal financial assistance, subjects it to Title IX.**

(emphasis added). Defendants' omission is material because the cases they cite in their Motion to Dismiss rely significantly on the notion that tax-exempt status *alone* is insufficient to subject an entity to Title IX, *see Buettner-Hartsoe v. Baltimore Lutheran High Sch. Ass'n,* 96 F.4th 707, 714 (4th Cir. 2024), although Defendants do not cite controlling law on the point.

Defendants' argument is incomplete, and it is not convincing.

2. **_Plaintiffs TSSAA and (General) Title IX Amendments are Not Futile._**

Plaintiffs have added allegations with respect to the extent of the TSSAA's control over Providence Academy – especially with respect to sports scheduling, rulemaking, and Title IX compliance being a substantial driver of both. (Dkt. No. 28, Exhibit A at ¶ 121 (citing to article at n.12).) Defendants argue that, because Plaintiffs have not cited any documents already in Defendants' possession and given to Plaintiffs in connection with Rule 26 Initial Disclosures, the amendments are futile. (*See* Dkt. No. 29 at p. 8.) But Defendants know better than that. The Federal rules require factual allegations; they do not require Plaintiffs to recite Defendants' information already in their possession. *See* Fed. R. Civ. P. 8(a). In reply to Defendants' argument, however, and by way of example, Plaintiffs attach hereto as Exhibit 1 a true and correct copy of a document that (a) Defendants produced in connection with Initial Disclosures, and (b) Plaintiffs relied upon in formulating the allegations in the FAC.[1]

---

[1] The document purports to alert federal funding recipients that they may be subject to ongoing Title IX liability, irrespective of PPP. Plaintiffs allege in the FAC that ongoing liability is a contemplated outcome for entities subject to Title IX. (Dkt. No. 28, Exhibit A at ¶ 121.)

In any event, Defendants do "not argue that [Providence Academy's] status with TSSAA has no bearing on its requirement to Title IX or that the applicability of Title IX to Defendants is not a central issue in [this] case…." (*Torbett* Dkt. No. 70 (Order Granting *Torbett* Plaintiffs' Leave to Amend) at p. 5.)

### 3. *Defendants' Remaining Arguments are Miscellaneous and Unavailing.*

Defendants' summary assertion that the *Torbett* case and this one present "nearly identical Title IX issues" is demonstrably incorrect. (Dkt. No. 29, p. 4.) And their willingness to freely analogize the *Doe* and *Torbett* cases in their Response to Plaintiffs' motion to amend their initial Complaint highlights the parties' positions in this case. "True, both Complaints allege violations of Title IX, "[b]ut the relevant similarities stop there." (*Torbett*, Dkt. No. 69.) For example, the Does' complaint is [over 200] paragraphs long and includes [] multiple theories for Title IX application" along with "a myriad of specific factual allegations to support each." *Id.* The *Does'* Complaint also alleges that Providence Academy is liable under Title IX for its treatment of a minor *victim* whom four assailants held down and sexually assaulted against the minor's will. (Dkt. Nos. 1 (Complaint) & 28, Exhibit A (proposed First Amended Complaint) at ¶¶ 33-36.) The *Torbett* case contains no such allegation and, in fact, concedes that the minor Plaintiff there pled guilty to the sexual assault. (*Torbett* Dkt. No. 71 at ¶ 7.)

In direct reply to Defendants' insinuation that the *Doe* and *Torbett* cases should be consolidated, Plaintiffs state that they oppose such consolidation. Plaintiffs submitted their position for filing, at the Court's request, to counsel in the *Torbett* lawsuit. (*Torbett*, Dkt. No. 69.) And Plaintiffs remain willing to submit additional detail in support of their position if the Court wishes or requires it.

Defendants have already lost all or substantially all of the arguments raised in their Response, at least twice, before this Court – and once while a motion for summary judgment was pending, (*Torbett*, Dkt. No. 70).[2] Nothing in Defendants' arguments here changes the result. Plaintiffs filed their motion to amend before the close of briefing on Defendants' motion to dismiss, and before the motion to dismiss was decided. *See Kieffer v. Planet Fitness of Adrian*, No. 17-CV-11307, 2017 WL 11716640, *4 (E.D. Mich. Oct. 6, 2017). Plaintiffs' request was timely; it was appropriate; and the proposed amendments are not futile.[3]

For all the foregoing reasons, Plaintiffs' motion should be granted.

DATED: March 3, 2026.

                                       Respectfully submitted,

                                       */s/ Daniel P. Hull*
                                       Tricia Herzfeld (BPR No. 26014)
                                       Joe P. Leniski, Jr. (BPR No. 22891)
                                       Daniel P. Hull (BPR No. 24511)
                                       **HERZFELD, SUETHOLZ, GASTEL, LENISKI**
                                           **AND WALL PLLC**
                                       1920 Adelicia Street, Suite 300
                                       Nashville, Tennessee 372212
                                       Phone: (615) 800-6225
                                       Email: tricia@hsglawgroup.com
                                                    joey@hsglawgroup.com
                                                    daniel@hsglawgroup.com

---

[2] Defendants argue that Providence's motion for summary judgment in the *Torbett* case, and their Rule 12 motion to dismiss in this case are similar. This is not the case; Rule 12 and Rule 56 are, by nature and by definition, materially different.

[3] Plaintiffs' motion to amend contained an alternate, also timely, request that a deadline be set by which Plaintiffs may file a substantive response.

and

E. Patrick Hull (BPR No. 4437)
**THE HULL LAW FIRM**
201 W. Sullivan Street
Kingsport, Tennessee 37660
Sullivan Street at Shelby Street
Phone: (423) 247-6151
Email: pat@hull-firm.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

       I hereby certify that on March 3, 2026, I filed the foregoing document electronically with Court's electronic case management system, which will send notification of such filing to all counsel of record, including:

Peter C. Robison
424 Church Street, Suite 2500
P.O. Box 198615
Nashville, Tennessee 37219
probison@lewisthomason.com

Mikel A. Towe
900 South Gay Street, Suite 300
P.O. Box 2425
Knoxville, Tennessee 37902
mtowe@lewisthomason.com

*Attorneys for Defendants*

                                                */s/ Daniel P. Hull*
                                                Daniel P. Hull