UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| JOHN DOE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 2:25-CV-170 |
| | ) | |
| PROVIDENCE ACADEMY, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**ORDER**

Plaintiffs have filed a Motion and Memorandum for Leave to Amend Their Complaint or,

In the Alternative, To Set a Deadline to Address the Substance of Defendants' Motion to Dismiss.

[Doc. 28]. Defendants have filed a Response in Opposition [Doc. 29] to which Plaintiffs have filed

a Reply [Doc. 30]. For the reasons stated herein, Plaintiffs' Motion [Doc. 28] is **GRANTED**.

I.     **BACKGROUND**

Plaintiffs filed their Complaint [Doc. 1] on December 13, 2025, alleging that Defendant

Providence Academy ("PA") violated Title IX[1] when it mishandled an investigation into an alleged

sexual assault of the minor Plaintiff James Doe by another student that occurred on February 11,

2024, at an off-campus party. *Id*. at 23-27. In addition to this federal law claim, Plaintiffs assert

claims under state law of negligence, negligence *per se*, intentional infliction of emotional distress,

and negligent infliction of emotional distress against both Defendants. Defendants filed an Answer

[Doc. 15], which asserts several affirmative defenses, including that PA is not subject to the

---

[1] "Title IX" refers to Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681 et seq.

provisions and requirements of Title IX. *Id*. at 28. Defendants also filed a Motion to Dismiss [Doc. 24] and Memorandum in Support [Doc. 25] in which they argue that Plaintiffs' claims under Title IX fail as a matter of law because PA is not subject to the provisions of Title IX. Based upon this argument, Defendants ask the Court to dismiss Plaintiffs' Title IX claims with prejudice and decline to exercise supplemental jurisdiction over Plaintiffs' state law claims by dismissing them without prejudice. Specifically, Defendants challenge the three theories under which Plaintiffs' Complaint alleges that Defendants are subject to Title IX, including that PA was a recipient of Federal assistance through the Paycheck Protection Program ("PPP") in 2021, that PA is organized as a § 501(c)(3) charitable organization, and that PA is a member of Tennessee Secondary School Athletic Association (the "TSSAA").

Plaintiffs have now filed a Motion to Amend [Doc. 28], in which they seek to amend only the first cause of action, wherein they assert that PA violated Title IX. [Doc. 28-1, p. 23-28]. The substantive proposed amendments are in paragraphs 116-124 of the proposed Amended Complaint [Doc. 28-1]. As to Plaintiffs' theory that receipt of the PPP funds subjected PA to Title IX, Plaintiffs now seek to assert that PA was aware that it was subject to Title IX when it took the PPP funds and that it failed to establish an internal structure to comply with Title IX. Additionally, as to the TSSAA argument, Plaintiffs seek to add allegations that PA would have addressed and confirmed its compliance with Title IX in its TSSAA application in or around 2021. Finally, Plaintiffs assert in their proposed amended complaint that PA "was, and continues to be, the beneficiary of Federal financial assistance under the provisions of Title IX at all times relevant to this Complaint" and for that reason is "subject to Title IX [...]," irrespective of when it received PPP funds.

Defendants filed a Response in Opposition to Plaintiffs' Motion to Amend [Doc. 29] wherein they argue that Plaintiffs' proposed amendments are futile. Specifically, Defendants argue that Plaintiffs have provided no new factual information to support the claim that PA knew it would be subject to Title IX when it took PPP money, and assert that "[u]nless the receipt of federal funds is contemporaneous to the alleged discrimination, the school is not a 'recipient' as that term is defined in Title IX." *Id*. at 6-7. Defendants also argue that Plaintiffs have failed to provide any additional facts to support their arguments regarding how PA's participation in the TSSAA subjects them to Title IX, noting that Plaintiffs' proposed amendments do not provide "any factual allegation of what is supposedly required, monitored, or controlled" throughout the TSSAA application process which might subject PA to Title IX.[2] Finally, Defendants argue that Plaintiffs' proposed amendments fail to allege any new facts regarding PA's tax exempt status, and instead rely on the arguments already addressed in the pending Motion to Dismiss. *Id*. at 7.

Plaintiffs have now filed a Reply [Doc. 30]. Initially, Plaintiffs counter that their requested amendments addressing PA's tax-exempt status raise an issue unsettled in the Sixth Circuit, specifically that it is PA's tax-exempt status *in combination with* receipt of federal financial assistance which subjects PA to Title IX. [Doc. 30, p. 2-3]. Additionally, Plaintiffs argue that their proposed amendments addressing "the extent of the TSSAA's control over Providence Academy" are sufficiently pled and assert that at this point in the proceedings they are not required to point to or identify specific documents in Defendants' possession that might support the allegations. *Id*. at 3. At the same time, Plaintiffs do identify and attach to their Reply a document produced by Defendants in their initial disclosures which Plaintiffs assert they relied on in determining what

---

[2] Defendants also include an argument asserting that Plaintiffs' "proposed amendments regarding alleged ceding of control to the TSSAA" in Paragraph 123 of the proposed Amended Complaint are futile. [Doc. 29, p. 8]. However, Paragraph 123 in the proposed Amended Complaint [Doc. 28-1, p. 25] is identical to Paragraph 119 in the operative Complaint. [Doc. 1, p. 24].

amendments to propose for this motion which would provide at least some support for their requested amendment. Finally, Plaintiffs' Reply addresses Defendants' contention that this case bears significant similarities to *Torbett v. Providence Academy*, Case No. 2:25-cv-00033-DCLC-CRW (E.D. Tenn. 2025). Plaintiffs argue that while one of the primary legal theories between the cases overlap, i.e., whether Title IX is applicable to PA, the cases are distinguishable. They further note that the District Court determined that the cases were sufficiently distinct as to reject a request made in *Torbett* that the actions be consolidated.[3]

## II.     APPLICABLE LAW

Rule 15 of the Federal Rules of Civil Procedure permits the amendment of a pleading within 21 days of service or thereafter with the opposing party's written consent or leave of the court. Leave should be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). Motions for leave to amend are routinely granted based on the principle that cases should be tried on the merits rather than procedural technicalities. *Inge v. Rock Fin. Corp.*, 338 F.3d 930, 936 (6th Cir. 2004). A trial court has broad discretion to determine whether leave to amend a pleading should be granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Because Rule 15(a)(2) directs courts to 'freely give leave when justice so requires,' the rule embodies a 'liberal amendment policy.'" *Knox Trailers, Inc. v. Clark*, No.3:20-cv-137, 2020 WL 12572938, at *1 (E.D. Tenn. Nov. 19, 2020) (citing *Brown v. Chapman*, 814 F.3d 436, 442 (6th Cir. 2016)). At the same time, amendment is not appropriate in instances of bad faith, undue delay, repeated failure to cure deficiencies by amendments previously allowed, where the amendment would cause undue prejudice to the opposing party, or the amendment is futile. *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[A] proposed amendment may be denied as

---

[3] The District Court declined to consolidate this case with *Torbett*. *See Torbett v. Providence Academy*, Case No. 2:25-cv-00033-DCLC-CRW (E.D. Tenn. 2025) [Doc. 73].

futile if it could not withstand a Rule 12(b)(6) motion to dismiss." *Cash-Darling v. Recycling Equip., Inc.*, No. 2:19-CV-00034-JRG, 2019 WL 13120191, at \*2 (E.D. Tenn. July 17, 2019) (citing *PFS HR Solutions, LLC v. Black Wolf Consulting, Inc.*, No. 1:17-cv-277-JRG-SKL, 2018 WL 5263031, at \*2 (E.D. Tenn. June 28, 2018)). "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Manasher v. NECC Telecom*, No. 06-10749, 2006 WL 3543639, at \*2 (E.D. Mich. Dec. 8, 2006), *order clarified*, No. 06 10749, 2006 WL 3775955 (E.D. Mich. Dec. 18, 2006) (quoting *Head v. Jellico Housing Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989)).

## III.    ANALYSIS

In their pending motion to dismiss, Defendants primarily seek a determination that PA is not subject to Title IX because the receipt of PPP funds does not constitute "federal financial assistance" for the purpose of Title IX, nor does membership in the TSSAA or PA's § 501(c)(3) status subject it to liability under Title IX. [Doc. 25]. Plaintiffs' proposed amendments are limited and are offered for the explicitly stated purpose of bolstering Plaintiffs' Title IX claim. For example, while Plaintiffs' initial complaint only states that PA is organized as a § 501(c)(3) and is exempt from income tax, Plaintiffs now seek to argue that PA's tax status, *in conjunction with* receipt of federal financial assistance, subjects PA to the requirements of Title IX. This distinction makes a difference, particularly given the case law that Defendants cite in support of their motion to dismiss, because the cases relied on by Defendants are either out-of-circuit and/or speak only to whether tax-exempt status alone is sufficient to subject an entity to Title IX's requirements. *See e.g. Gardner v. Sage Ridge Sch.*, No. 3:24-CV-00403-CLB, 2025 WL 1695131 (D. Nev. June 17, 2025) (determining that 501(c)(3) tax-exempt status does not invoke enforcement of Title IX, and noting that district courts in the Ninth Circuit are split on the question); *Davis v. Winston*

*Preparatory Sch.*, No. 21 CIV.8209 (PGG), 2025 WL 1795350 (S.D.N.Y. June 30, 2025) (noting that the Second Circuit has not addressed whether Section 501(c)(3) tax-exempt status constitutes "[f]ederal financial assistance" under Title IX, and finding in this instance that it does not). Additionally, with one exception, Defendants' legal support comes from outside this District and Circuit. At this early stage, it is not for this Court to determine whether Plaintiffs will ultimately prevail on their proposed amended claims. Instead, the question is whether Plaintiffs are "entitled to offer evidence to support the claim[s]." *PFS HR Sols., LLC v. Black Wolf Consulting, Inc.*, No. 1:17-CV-277-JRG-SKL, 2018 WL 5263031, at *2 (E.D. Tenn. June 28, 2018).

The same is true with respect to Plaintiffs' proposed amendments regarding the PPP funds. Here, Plaintiffs seek to add that "receipt of Federal PPP funds subjects [PA] to Title IX" and that PA "knew it would be subject to Title IX when it took the PPP money." [Doc. 28-1, p. 23]. Defendants cite two cases in their response in support of the argument that the receipt of federal funds must be contemporaneous with the alleged discrimination for Title IX to apply, and not years apart, as is the case here. One of those cases was decided by another circuit, while the other is merely a potentially persuasive opinion from another district court in this circuit. *See Welch v. United Network for Organ Sharing*, 767 F. Supp. 3d 746, 778 (M.D. Tenn. 2025); *Davis v. Winston Preparatory Sch.*, No. 21 CIV.8209 (PGG), 2025 WL 1795350 (S.D.N.Y. June 30, 2025). In *Welch*, the Court declined to interpret the plain language of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, et seq., to include past receipt of federal PPP funds. 767 F. Supp. 3d 746, 778 (M.D. Tenn. 2025) ("For [Plaintiff's] argument on the PPP loan to have merit, the Court would have to read 'receiving' as 'received.' It declines to do so here."). While the *Welch* case may very well have bearing on this matter, because neither party points to a case which has settled the law in this Circuit, this question is better addressed through briefing in conjunction with a dispositive

motion.

Finally, Plaintiffs propose amendments regarding how they allege that PA's membership in the TSSAA subjects them to Title IX's provisions. Specifically, they seek to add allegations that TSSAA "monitors and controls" PA's sports offerings, and that PA would have been obligated to "address and confirm its Title IX compliance in its application to be a TSSAA member school." [Doc. 28-1, p. 24]. Defendants object to these revisions on the grounds that Plaintiffs have failed to point to what is "required, monitored, or controlled that invokes Title IX" and have failed to identify specific facts or provisions in TSSAA material that would subject PA to Title IX. [Doc. 29, p. 8]. In their Reply, Plaintiffs point out that these proposed revisions are the result of documents provided by Defendants in their initial disclosures and rightly point out that at this juncture Plaintiffs are only required to adequately plead facts which, if true, state a claim for relief that is plausible on its face. *See Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012); *see also Schwamberger v. Marion Cnty. Bd. of Elections*, 988 F.3d 851, 856 (6th Cir. 2021) (noting that to survive a motion to dismiss, a plaintiff need not demonstrate a probable right to relief but must plead facts sufficient to raise a reasonable expectation that discovery will reveal evidence of the alleged wrongdoing). Plaintiffs have done so here. Furthermore, as evidenced by the content and relief requested in Defendants' pending notion to dismiss, the issue of Title IX applicability is a central issue in this case. As such, the proposed amendments are likely to bear on the arguments made in Defendants' motion to dismiss. If the allegations Plaintiffs seek to add bear on core issues, i.e., those which are more aptly resolved through dispositive motion briefing and hearing, then the court cannot say that the amendments are futile. *Drake v. Greeneville Collection Serv., Inc.*, 2:19-CV-00001-CLC, 2019 WL 13220923 at *2 (E.D. Tenn. July 17, 2019) (granting a motion to amend and in doing so observing that in making their futility arguments, defendants were essentially

asking the court to rule on legal issues raised in their pending dispositive motions). Because the Court finds that certain of Plaintiffs' proposed amendments address an area of the law which appears to be unsettled in this Circuit, and others bear on arguments made by Defendants in their briefing in support of their motion to dismiss, and in light of the lenient amendment standard set forth in Rule 15, Plaintiffs should be permitted to amend their complaint as requested. *See Knox Trailers, Inc.*, 2020 WL 12572938, at *1.

## IV. CONCLUSION

Based upon the foregoing, the Court finds that it is appropriate to permit Plaintiffs to amend their complaint as set forth in the Motion and Memorandum for Leave to Amend Their Complaint or, In the Alternative, To Set a Deadline to Address the Substance of Defendants' Motion to Dismiss. That portion of Plaintiffs' Motion [Doc. 28] in which they seek to amend their complaint is **GRANTED**. Plaintiffs **SHALL FILE** their Amended Complaint on or before **April 3, 2026**. Given this ruling, Plaintiffs' alternative request for relief is **DENIED without prejudice**.

SO ORDERED:

/s/Cynthia Richardson Wyrick
United States Magistrate Judge