IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **JOHN AND MARY DOE,**<br>**for themselves and their minor child,**<br>**JAMES DOE,**<br><br>**v.**<br><br>**PROVIDENCE ACADEMY, INC., and**<br>**BENJAMIN HOLLAND,**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **No.: 2:25-cv-00170-DCLC-CRW**<br><br>**JURY DEMANDED** |

---

**JOINT CONFIDENTIALITY AGREEMENT AND AGREED PROTECTIVE ORDER**

---

This matter comes before the Court on the parties' proposed Joint Confidentiality Agreement and Agreed Protective Order. Discovery is ongoing, and the parties are seeking, and may in the future seek, documents that relate to minor children or may otherwise be considered confidential by the party requested to produce such documents. The Court is informed that the parties to this action desire to protect their confidential documents from unauthorized, unnecessary disclosure.

**THEREFORE**, pursuant to Rule 26.03 of the Tennessee Rules of Civil Procedure, **IT IS ORDERED** that the following principles and procedures designed to assure the protection of proprietary and/or confidential documents shall govern any and all discovery in this action:

1. All information that contains records regarding minor children, student files, disciplinary documents, documents that may be reasonably construed to contain protected health information as defined by applicable federal law, including but not limited to the Health Insurance Portability and Accountability Act ("HIPAA"), Pub. L. No. 104-101, 110 Stat 1936 (1996) and accompanying regulations.

2. Information that contains a designating party or non-party determines in good faith contains confidential financial, business, patient, or similar confidential information pertaining to a party or non-party to this litigation, and that is so designated by stamping "Confidential" on each such document by the producing party.

3. By entering into this Protective Order, no party agrees to a presumption of confidentiality in favor of the designated document or testimony. If a party challenges the "Confidential" designation of any document or testimony, the party making the designation shall bear the burden of proving that the challenged document or testimony is in fact Confidential Information and that the designation is narrowly tailored to ensure that only Confidential Information is so designated. The foregoing applies to all material designated as "Confidential."

4. This Order does not cover any policies of insurance required to be produced under Fed. Ru. Civ. P. 26(a)(1)(a)(iv).

5. Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

6. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

7. Any party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's or designating non-party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

8. If it comes to a designating party's or designating non-party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

9. Any party may dispute the designation of a document designated as "CONFIDENTIAL" under this Order. If any party believes that a document which has been designated as "CONFIDENTIAL" should not be so designated, such party, after first attempting to resolve the dispute informally among counsel, may submit such dispute to the Court for a determination of the degree of disclosure allowed or whether it is in fact Confidential Information. The parties shall, until further order of the Court, treat the document designated as "Confidential" in accordance with the designation and the provisions of this Order, notwithstanding the existence of the dispute.

10. If the parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the designating party to make such a motion including the

required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the challenging party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the designating party. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

11. By entering into this Protective Order, no party agrees to a presumption of confidentiality in favor of the designated document or testimony.

12. Confidential Information shall be used solely for the purpose of this litigation and shall not (except by further order of this Court) be given, shown, made available, discussed, or otherwise communicated to anyone other than the following::

(a) Attorneys of record;

(b) The receiving party's outside counsel, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(c) The officers, directors, and employees of the receiving party, and to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) Experts, consulting or testifying, of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) The court and its personnel;

(f) Court reporters and their staff, professional jury or trial consultants, mock jurors, and professional vendors, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal "CONFIDENTIAL" material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

(h) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(i) Mediators, and their support personnel, engaged by the parties for settlement purposes in this Action.

13. If a receiving party learns that, by inadvertence or otherwise, it has disclosed 'CONFIDENTIAL" material protected by this Protective Order to any person or in any circumstance

not authorized under this Protective Order, that receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the "CONFIDENTIAL MATERIAL", (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

14. If a producing party or any other Party purporting to hold a privilege has a good faith belief that privileged material has inadvertently been produced and promptly upon discovery of the inadvertent production notifies all parties in writing that privileged material was disclosed, then, consistent with federal law, the inadvertent production of privileged material shall not be deemed a waiver. If a receiving party discovers the inadvertent production of privileged material by a producing party, then, consistent with federal law, it shall have a duty to promptly upon discovery of the inadvertent production give the producing party written notice of the inadvertent production of privileged material. The obligations of the Parties are those set forth in the Federal Rules of Civil Procedure 26(b)(5)(B).

15. Upon receipt of notice of inadvertent disclosure of privileged material, all other parties (regardless of whether they agree with the claim of privilege or other protection) shall promptly (i) use reasonable efforts to destroy or sequester all copies of the inadvertently produced documents or material in their possession, custody, or control and notify the producing party, or any other party purporting to hold a privilege, that they have done so.

16. To the extent a receiving party disputes the claim of privilege or other protection with respect to the inadvertently disclosed privilege material, such party shall notify in writing the producing party, or any other Party purporting to hold a privilege, with a copy to all counsel, of its

position within thirty (30) business days of receiving the notice of inadvertent disclosure and shall destroy or sequester all documents identified by the producing party. The meet and confer, and process for Court intervention, set forth in this Protective Order shall govern motion practice in connection with such dispute. Presumptions, if any, shall be governed by applicable law. Nothing in this Order excuses a party from complying with applicable rules, including this Court's Local Rules, with respect to filing documents under seal or any other issue.

17 If, during a deposition, a party claims that a document being used in the deposition is privileged material, it may at its sole discretion (i) allow the document to be used in the deposition without waiver of its claim of privilege or work-product protection, or (ii) instruct the witness not to answer questions concerning the document. Until the dispute is resolved, counsel for the parties shall treat the transcript of such deposition as "CONFIDENTIAL" material under this Protective Order. If the Party instructs the witness not to answer questions concerning the document, the Parties will then cooperate, following the provisions of this Protective Order and any other applicable law or rule, in promptly submitting the issue of the document's status to the Court.

18. If any party inadvertently produces or discloses materials labeled "CONFIDENTIAL" without marking it with an appropriate designation, that party shall promptly notify the receiving party that the information should be treated in accordance with the terms of the Protective Order, and shall forward appropriately stamped copies of the items in question. The receiving party shall return or destroy the previously unmarked items and all copies thereof. The inadvertent disclosure shall not be deemed a waiver of confidentiality, and such designation shall be made as soon as possible after the discovery of the inadvertent production or disclosure.

19. Nothing in this Protective Order abridges the right of any person to seek its modification by the court in the future.

20. By agreeing to the entry of this Protective Order no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

21. Without written permission from the designating party or a Court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any "CONFIDENTIAL" material protected by this Protective Order. A Party that seeks to file under seal any Protected Material must comply with all applicable law, including this Court's Local Rules, for filing documents under seal. A sealing order will issue only if the party seeking such an order demonstrates the information's qualification for sealing under applicable law.

22, Notwithstanding the preceding paragraph, a party may file information described in Paragraph 1 above – information relating to minor children – under seal as required or permitted by law.

23. Nothing in this Protective Order operates to create immunity from the production of material required to be produced under applicable law.

24. Nothing in this Protective Order prohibits a party from properly using its own "CONFIDENTIAL" material as required or allowed by applicable law.

25. Within sixty (60) days after the final disposition of this action, including any appeals, each receiving party must return or destroy all "CONFIDENTIAL" material protected by this Protective Order. Nothing in this Protective Order requires a party to return or destroy information necessary to maintain complete client files.

26. The parties agree that all "CONFIDENTIAL" material protected by this Protective Order shall continue to be subject to this Protective Order notwithstanding the disposition of this action.

**SO ORDERED:**

**/s/Cynthia Richardson Wyrick**
**United States Magistrate Judge**

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ______________________________ [print or type full name], of ___________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the foregoing Protective Order and agree to comply with and to be bound by its terms. And I agree to submit myself to the jurisdiction of the United States District Court for the Eastern District of Tennessee for the enforcement of said Protective Order, even after the conclusion of this action. I understand and acknowledge that failure to comply with the terms of said Protective Order could expose me to sanctions, including but not limited to monetary sanctions.

Date: _________________

Printed name: __________________________

Signature: _____________________________