**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN AND MARY DOE,**<br>**for themselves and their minor child,**<br>**JAMES DOE,**<br><br>**v.**<br><br>**PROVIDENCE ACADEMY, INC., and**<br>**BENJAMIN HOLLAND,**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **No.: 2:25-cv-00170-DCLC-CRW**<br><br>**JURY DEMANDED** |

---

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

---

Defendants Providence Academy, Inc. ("Providence") and Benjamin Holland ("Mr. Holland") (collectively "Defendants"), by and through counsel, and pursuant to Federal Rule of Civil Procedure 56, hereby file this Motion for Summary Judgment as to claims under Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681 *et seq.* ("Title IX") and Tennessee state tort claims contained in the Amended Complaint filed by Plaintiffs identified as John and Mary Doe, for themselves and their minor child, James Doe (the "Minor Plaintiff") ("collectively "Plaintiffs").

The arguments contained in this Memorandum are virtually identical to those made in Defendant Providence Academy's Memorandum in Support of its Second Motion for Summary Judgment in the companion case, *Torbett v. Providence Academy*, Case No. 2:25-cv-00033, 2026 U.S. Dist. LEXIS 238404 (E.D. Tenn. 2026). Defendants submit that the Court should find in this case, as it did in the *Torbett* case, that Providence is not subject to Title IX. Defendants further request that the Court decline to exercise supplemental jurisdiction over the remaining state law claims and dismiss them without prejudice.

In support of this Motion, Defendants rely on their Statement of Undisputed Material Facts and Memorandum of Law filed contemporaneously herewith, as well as the following exhibits:

Exhibit A – Declaration of Ben Holland ("Holland Decl.");

Exhibit 1 to the Holland Decl., Grant of Providence Academy's status under 501(c)(3);

Exhibit 2 to the Holland Decl., Payroll Summary for Providence Academy;

Exhibit 3 to the Holland Decl., Providence Academy's Paycheck Protection Program Loan Forgiveness Application Form 3508EZ;

Exhibit 4 to the Holland Decl., Notice of Loan Forgiveness from Acclivity Financial and Citizens Bank dated November 6, 2020;

Exhibit 5 to the Holland Decl., Providence Academy Application Materials to the Tennessee Secondary School Athletic Association ("TSSAA");

Exhibit 6 to the Holland Decl., TSSAA 2023-2024 Handbook;

Exhibit 7 to the Holland Decl., 2023-2024 Providence Academy Student/Parent Handbook; and

Exhibit B – Memorandum Opinion and Order in *Torbett v. Providence Academy*

Respectfully submitted:

LEWIS THOMASON, P.C.

*/s/ Peter Robison*
Peter C. Robison, BPR #27498
1201 Demonbreun St., Suite 1000
Nashville, TN 37203
Phone: 615-259-1343
probison@lewisthomason.com

*/s/ Mikel A. Towe*
Mikel A. Towe, BPR #32404
900 South Gay Street, Suite 300
P.O. Box 2425
Knoxville, TN 37902
Phone: 865-546-4646
mtowe@lewisthomason.com

*Counsel for Defendants Providence Academy, Inc. and Benjamin Holland*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 6th day of November, 2026 a copy of the foregoing filing will be sent to all parties via Court's ECF system.

Tricia Herzfeld
Joe P. Leniski, Jr.
Daniel P. Hull
**HERZFELD, SUETHOLZ, GASTEL, LENISKI AND WALL PLLC**
1920 Adelcia St., Suite 300
Nashville, Tennessee 37212
Email: tricia@hsglawgroup.com
joey@hsglawgroup.com
daniel@hsglawgroup.com

E. Patrick Hull
**THE HULL LAW FIRM**
201 W. Sullivan Street
Kingsport, Tennessee 37660
Sullivan Street at Shelby Street
Phone: (423) 247-6151
Email: pat@hull-firm.com

*/s/ Peter C. Robison*
Peter C. Robison