**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| JOHN AND MARY DOE<br>for themselves and their minor child,<br>JAMES DOE,<br><br>Plaintiffs,<br><br>v.<br><br>PROVIDENCE ACADEMY, INC., AND<br>BENJAMIN HOLLAND,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:25-cv-170<br><br>JURY DEMAND |

---

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON THE TITLE IX ISSUE**

---

Plaintiffs John and Mary Doe, on behalf of themselves and their minor son, James Doe, hereby file this Motion for an Extension of Time to Respond to Defendants Providence Academy, Inc.'s, and Benjamin Holland's, Motion for Summary Judgment until February 12, 2027. Fact discovery in this case has not closed, and no other deadlines would be affected should the Court grant this Motion. As grounds for their Motion, Plaintiffs state as follows:

## I. OVERVIEW

Plaintiffs filed their Complaint in this action on October 13, 2025, (Dkt. No. 1). On April 1, 2026, they filed an Amended Complaint, (Dkt. No. 33), pursuant to a Court Order allowing them to do so over Defendants' objection and following the parties' briefing on the issue. In their Amended Complaint, Plaintiffs alleged e.g., that Providence Academy is subject to Title IX through its relationship with the Tennessee Secondary Schools Athletic Association ("TSSAA"). (Dkt. No. 33, ¶¶ 120-123.) This Court recognized those allegations as distinct theories in its Order

denying Defendant's Motion to Dismiss. (Dkt. No. 32, pp. 2-3, 7.) Plaintiffs have not yet deposed a representative from the TSSAA, and they have issued a subpoena setting a deposition for January 7, 2027.[1]

In addition to the additional deposition, Plaintiffs anticipate the possibility of discovery motion practice. Defendant Benjamin Holland responded to Plaintiffs' Requests for Production of Documents several months late, and then with a myriad of objections already waived due to untimeliness.[2] Defendants have also indicated they are not certain they can provide Plaintiffs with year 2023-2024 sexual assault reporting training materials taken by Providence employees. Deposition testimony appears to establish that the same training was given to employees of at least one Kingsport, Tennessee, public school – making the nature of the training, and the substance, relevant to this case (including whether the training addressed Title IX issues).

Plaintiffs served Providence Academy with additional written discovery, requesting documents, on October 28, 2026. Those requests seek training materials relative to sexual assault, deeds to the property on which Providence sits (due to the land's historical use as farmland), and any easements on Providence land (including any in favor of the Federal government). Those responses remain outstanding.

---

[1] Plaintiffs' counsel has communicated with counsel for TSSAA but has not received an available date. As a result, the exact date of the deposition may change, based upon the parties' schedules. The subpoena is not a surprise to Defendants; Plaintiffs have said they intend to take a TSSAA deposition for some time, including most recently as part of the failed meet and confer on this Motion.

[2] Plaintiffs are not placing these issues before the Court now; they mention them only to give context to Defendants' motion for summary judgment. Plaintiffs hope these issues do not come before the Court, but if they do, they will need to be brought relatively soon, and Plaintiffs are working to resolve the disputes with Defendants.

This case is on track to meet the existing deadlines and be ready for trial on June 14. The parties are engaging in written discovery, which ends on January 19, 2027.[3] (Dkt. No. 43.) To date, the parties have taken eleven depositions: of the parties, Providence Academy's Rule 30(b)(6) witness, and eight fact witnesses. Plaintiffs timely disclosed their experts to defendants on November 12, 2026. (Dkt. No. 43.) Defendants' expert disclosure deadline is December 15, 2026. (*Id.*)

On November 6, 2026, Defendants Providence Academy and Benjamin Holland filed a motion for summary judgment on Plaintiffs' Title IX claim and asking this Court to decline to exercise supplemental jurisdiction over Plaintiffs' remaining claims. (Dkt. No. 44.) In partial support of its motion for summary judgment, Providence argues that its arguments are "nearly identical" to the ones it made in the *Torbett* matter. (*Id.*) Defendant's motion for summary judgment is premature,

## II. LEGAL STANDARD

Although Rule 56(b) allows a party to file for summary judgment "at any time," Fed. R. Civ. P. 56(b), "[t]he general rule is that summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery." *Moore v. Shelby Cnty., Kentucky*, 718 F. App'x 315, 319 (6th Cir. 2017) (vacating the District Court's denial of additional discovery). Where a party opposing summary judgment "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may" defer or deny the motion; allow time to obtain additional discovery; or issue any other appropriate order. Fed. R. Civ. P.

[3] The parties requested, and the Court granted, an extension of expert and discovery deadlines after, among other things, lead trial counsel for Plaintiffs, Trica Herzfeld, unexpectedly experienced the passing of her son. (Dkt. Nos. 42 & 43.) Plaintiffs are not requesting the extension of any previously modified deadlines.

56(d). Where a party meets its burden under Rule 56(d) before the close of discovery, the Court should allow the nonmovant additional time. *See Moore*, 718 F. App'x at 319; *Franzen v. CSX Transp., Inc.*, 983 F.2d 1066 (6th Cir. 1992) (considering former Rule 56(f), which is the analog to current Rule 56(d)). Indeed, this is true even if the non-moving party seeks discovery after summary judgment has been entered. *Vance By & Through Hammons v. United States*, 90 F.3d 1145, 1150 (6th Cir. 1996) (reversing District Court's denial of motion for reconsideration of summary judgment, despite lack of affidavit).

## III. ANALYSIS

Discovery in this case has not closed, and Plaintiffs have not had a chance to discover key components of their case – e.g., a TSSAA deposition and documents still outstanding from Defendants. Moreover, Plaintiffs' response is due on Monday, November 30, immediately following the Thanksgiving holiday.[4] Defendants should not be allowed to short circuit the discovery process – and avoid their outstanding discovery obligations in this case – by filing a premature motion for summary judgment.

Moreover, notwithstanding Defendants' decision to recycle their *Torbett* arguments, this is a different case with a more complex record. Plaintiffs have disclosed experts, and one of those has opined on Defendant's obligations and performance under Title IX – and Plaintiffs have elicited additional testimony about the timing and rationale behind Providence's decision to accept Federal money. Plaintiffs here are not arguing that PPP alone subjects Providence to Title IX; they are arguing, in accordance with the caselaw and the facts of this case, that multiple factors subject it to Title IX. Plaintiffs should be able to complete the inquiry.

[4] The response would ordinarily be due on Friday, November 27, but the Court is closed on that day. https://www.tneb.uscourts.gov/court-info/court-holidays (last accessed November 20, 2026).

Allowing Plaintiffs until February 12, 2027, to respond will allow them to complete the TSSAA deposition, receive the transcript for use in any response, and to resolve the outstanding discovery issues with Defendant (or bring them before the Court). The current deadline for dispositive motions is February 16, 2027, and Plaintiffs propose the February 12 date in order to have their response to the pending motion for summary judgment filed before the February 16 dispositive motion deadline. This extension will not prejudice Defendants; it will, if anything, make Plaintiffs' January and February quite busy.

Counsel for Plaintiffs has conferred with counsel for Defendants, in person and via email, and Defendants do not consent to the relief sought herein.

## IV. **CONCLUSION**

For all of the foregoing reasons, Plaintiffs request an extension until February 12, 2027, to respond to Defendant Providence Academy's motion for summary judgment.

DATED: November 20, 2026.

Respectfully submitted,

*/s/ Daniel P. Hull*

Tricia Herzfeld (BPR No. 26014)
Joe P. Leniski, Jr. (BPR No. 22891)
Daniel P. Hull (BPR No. 24511)
**HERZFELD, SUETHOLZ, GASTEL, LENISKI AND WALL PLLC**
1920 Adelicia Street, Suite 300
Nashville, Tennessee 37212
Phone: (615) 800-6225
Email: tricia@hsglawgroup.com
joey@hsglawgroup.com
daniel@hsglawgroup.com

and

E. Patrick Hull (BPR No. 4437)
**THE HULL LAW FIRM**
201 W. Sullivan Street
Kingsport, Tennessee 37660
Sullivan Street at Shelby Street
Phone: (423) 247-6151
Email: pat@hull-firm.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2026, I filed the foregoing document electronically with Court's electronic case management system, which will send notification of such filing to all counsel of record, including:

Peter C. Robison
424 Church Street, Suite 2500
P.O. Box 198615
Nashville, TN 37219
probison@lewisthomason.com

Mikel A. Towe
900 South Gay Street, Suite 300
P.O. Box 2425
Knoxville, TN 37902
Phone: 865-546-4646
mtowe@lewisthomason.com

*Attorneys for Defendants*

*<u>/s/ Daniel P. Hull</u>*
Daniel P. Hull